NIXOLA G. S. FORD et al., Appellants, *v.* GABRIELLE G. CLENDENIN et al., Respondents.

Limitation of actions — real property — action in equity to regain possession of real property held by another under title as purchaser at judicial sale — delay in bringing action until more than ten years after cause of action accrued — rights of infants determined by section 396 of Code of Civil Procedure.

A person claiming title to real property, but not in possession thereof, must act affirmatively and within the time provided by statute. Where one who claims to own real property which is in the possession of another seeks by an action in equity to obtain a judgment which will enable him to obtain possession thereof, he must assert his claim by action within ten years after the cause of action accrues or he will lose his right thereto, since section 388 of the Code of Civil Procedure applies to every form of equitable action. In case of infancy of the claimant at the time the cause of action arose, the time within which the action must be brought is determined by the provisions of section 396.

*Ford* v. *Clendenin*, 155 App. Div. 433, affirmed.

(Argued March 11, 1915; decided May 11, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 15, 1913, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The action was brought to have declared invalid and void a sale of the interest of the plaintiffs in premises in the complaint described, pursuant to an interlocutory judgment entered July 2, 1883, in an action brought by Gabrielle M. Greeley against Nicholas Smith and others, and that the decision, judgment and all proceedings in that action and the order confirming the sale made pursuant to said interlocutory judgment therein so far as they affect the plaintiffs in this action, be canceled of record, and that all conveyances subsequently made by

the purchaser at said sale so far as they affect, attempt or purport to convey any of the right, title and interests of the plaintiffs in this action in the whole, or any portion of the premises described in the complaint be declared invalid and void, and that it be adjudged and decreed that the interest of the plaintiffs in the real estate described in the complaint remains unaffected by the sale had pursuant to the action brought by said Gabrielle M. Greeley, and the proceedings and orders therein. The Special Term decided that the alleged cause of action was barred by the Statute of Limitations. The Appellate Division unanimously affirmed the judgment of the Special Term on the opinion written in that court. (*Ford* v. *Clendenin*, 155 App. Div. 433.)

Further facts, so far as material, are stated in the opinion.

*E. C. Crowley* for appellants. The action in the case at bar is not barred by the ten-year Statute of Limitations. (*Smith* v. *Reid*, 134 N. Y. 568; *Miner* v. *Beekman*, 50 N. Y. 337; *De Forest* v. *Walters*, 153 N. Y. 229; *Schoener* v. *Lissauer*, 107 N. Y. 111; *Gilmore* v. *Ham*, 142 N. Y. 1; *Galway* v. *M. E. R. Co.*, 128 N. Y. 132; *Trimm* v. *Marsh*, 54 N. Y. 599; *Hubbell* v. *Moulson*, 53 N. Y. 225; *Lunny* v. *McClellan*, 116 App. Div. 473.) Even if applicable, the ten-year Statute of Limitations did not commence to run until the infants attained their majority and this action is timely brought thereunder. (*Bucklin* v. *Bucklin*, 1 Keyes, 141; *Egan* v. *Scully*, 29 App. Div. 617; 173 N. Y. 581; *O'Donohue* v. *Smith*, 130 App. Div. 214; *Cahill* v. *Seitz*, 93 App. Div. 105; *Matter of Farley*, 213 N. Y. 15; *Losey* v. *Stanley*, 147 N. Y. 560; *Van Wyck* v. *Baker*, 10 Hun, 39.)

*John Vernou Bouvier, Jr.*, and *Theodore De Witt* for Gabrielle G. Clendenin et al., respondents. This action, in whatever aspect it may be considered, is barred by the

ten years' Statute of Limitations under sections 388 and 396 of the Code of Civil Procedure. (*Miner* v. *Beekman,* 50 N. Y. 337; *Hubbell* v. *Sibley,* 50 N. Y. 468; *Cahill* v. *Seitz,* 93 App. Div. 105; *O'Donohue* v. *Smith,* 130 App. Div. 214.)

*Charles Haines* for Wilbur Hyatt et al., respondents. This is an equitable action and should have been brought within the ten years' Statute of Limitations. (*Smith* v. *Hamilton,* 43 App. Div. 21; *Matter of Rogers,* 153 N. Y. 324; *Gilmore* v. *Ham,* 142 N. Y. 6; *McTeague* v. *Coulter,* 6 J. & S. 208; *Chormann* v. *Bachmann,* 119 App. Div. 146; *Miner* v. *Beekman,* 50 N. Y. 344; *Gage* v. *Brewster,* 31 N. Y. 218.)

CHASE, J. Horace Greeley, the famous editor and writer, died November 29, 1872. His wife, Mary Y. C. Greeley, died October 30, 1872. The farm which had been occupied by them as a homestead at Chappaqua, N. Y., and where he wrote his book "What I Know of Farming," contained about eighty acres of land. The legal title to all of it except two pieces thereof together containing seven or eight acres, but wholly included within the general boundaries of the farm, was vested in Mrs. Greeley at the time of her death. The legal title to the two pieces containing about seven or eight acres was in Mr. Greeley at the time of his death, but it was claimed by those interested in Mrs. Greeley's estate that she had the equitable title to those pieces and the provisions of Mr. Greeley's will tend to substantiate such claim. Mrs. Greeley left a will by which she gave, devised and bequeathed all of her property to her two daughters, Ida and Gabrielle. She appointed her husband and her daughter Ida executor and executrix, and provided that her personal property should be invested as in her will provided, and that her real property should be sold and the proceeds invested in the same

manner as her personal property and that the interest and income from all of her property be paid to her daughters in equal portions until her daughter Ida should arrive at the age of thirty years, at which time she directed that the principal be equally divided between them. Horace Greeley did not qualify as executor of the will of Mrs. Greeley. Ida Greeley qualified as executrix and acted as such until her death. After her death the daughter Gabrielle was duly appointed administratrix with the will annexed of the estate of her mother.

The daughter Ida married on May 1st, 1875. She had three children, one born in 1877 who is not a party to this action; the plaintiff Nixola Greeley Smith Ford was born in 1880, and the plaintiff Ida Greeley Smith in 1882. Their mother, Ida, the daughter of Horace and Mary Y. C. Greeley, died April 11, 1882, after she had arrived at the age of thirty years, leaving her surviving her husband and her said three children.

In April, 1883, Gabrielle, the surviving daughter of Horace and Mary Y. C. Greeley, pursuant to an order of the Supreme Court authorizing her so to do, as provided by chapter 185 of the Laws of 1882, brought an action in the Supreme Court against Nicholas Smith, the surviving husband of Ida Greeley Smith, and his said three infant children in which she demanded judgment "That she or some other suitable person be appointed as a trustee to carry out the provisions of said will and testament of said Mary Y. C. Greeley deceased so far as the same may be devolved upon a trustee to sell the real estate left by said testatrix at her death and to dispose of the proceeds thereof pursuant to said will or the law of the case as duly established or for such other, further, or different judgment, decree or relief as to the court may seem fit, just and proper." Pursuant to an interlocutory judgment entered in that action a person named therein other than the plaintiff in that action as trustee as therein provided, sold the Chappaqua farm at public auction and the same

was purchased by Gabrielle M. Greeley for $10,000, which amount was paid as provided by the judgment.

At the time of the commencement of said action all of the defendants named therein resided in Shelbyville, Kentucky. The summons was served upon them by publication pursuant to an order of the Supreme Court. Publication was made pursuant to said order in two newspapers, in one of which it was commenced April 23, 1883, and ended June 4, 1883, and in the other of which it commenced April 27, 1883, and ended June 8, 1883. The defendant Nicholas Smith appeared in the action by counsel and interposed an answer admitting the material allegations contained in the complaint. It is found in this action that " On the 8th day of May, 1883, upon the petition of Nicholas Smith the father of said infant defendants and the consent of George Putnam Smith, Esq., counselor at law, an order was made at a Special Term of the Supreme Court * * * which in contents, form and purport was an order appointing George Putnam Smith, Esq., guardian *ad litem* of Horace Greeley Smith, Nixola Gabrielle Smith, and Ida Greeley Smith infant defendants therein and authorizing and directing him to appear and defend said action as such guardian on their behalf. * * *." It is also found that " The said George Putnam Smith served on the plaintiff's attorney in said action a notice of appearance as guardian *ad litem* for the infant defendants * * * and the usual infants' answer in behalf of said infants alleging that they were strangers to all and singular the matters and things in said complaint mentioned * * * and submitted their interests to the protection of the court." The action was tried on June 4, 1883, but the decision therein was not actually made until June 23, 1883, and judgment was entered upon the decision on July 2, 1883. In said judgment George Putnam Smith, the guardian *ad litem* for the infant defendants, is recited as appearing. After the sale pursuant to said

judgment, which took place on the 8th day of September and after the deed which was given pursuant to said sale on September 29, 1883, had been on that day accepted, the said trustee named in the judgment made a report of the sale and on notice to said guardian *ad litem* of said infant defendants final judgment was entered confirming the sale and one-half of the net proceeds of sale was paid as provided by the final judgment in separate amounts as also therein provided to Nicholas Smith individually, and to Nicholas Smith as general guardian duly appointed fcr said infants.    Gabrielle M. Greeley, now Gabrielle Greeley Clendenin, took actual possession of said farm, and each and every part thereof, on the 29th day of September, 1883, about twenty-eight years before the commencement of this action.    This action was commenced on March 3, 1911, more than nine years after the plaintiff Nixola Greeley Smith Ford had become twenty-one years of age and more than seven years after the plaintiff Ida Greeley Smith had become twenty-one years of age.

This action is a direct attack upon said action of *Greeley* v. *Smith,* and the orders and judgments therein, and upon the sale made in pursuance thereof.    (*Warren* v. *Union Bank of Rochester,* 157 N. Y. 259, 276.) It is not an attack pursuant to title 3, chapter 11 of the Code of Civil Procedure, nor is it an action to recover real property within the provisions of section 375 of the Code of Civil Procedure.    It is an action in equity and comes within the limitation prescribed in sections 388 and 396 of the Code of Civil Procedure.

Section 388 provides: "An action, the limitation of which is not specially prescribed in this or the last title, must be commenced within ten years after the cause of action accrues."

Section 396 provides: "If a person, entitled to maintain an action specified in this title,  *  *  *  is, at the time when the cause of action accrues, either: I. Within

the age of twenty-one years; or, * * *; The time of such a disability is not a part of the time limited in this title for commencing the action; except that the time so limited cannot be extended more than five years by any such disability, except infancy; or in any case, more than one year after the disability ceases."

The provision of section 388 of the Code of Civil Procedure quoted applies to any and every form of equitable action. (*Gilmore* v. *Ham,* 142 N. Y. 1.) The plaintiffs in this action allege that they have no adequate remedy at law, and also that the possession of the premises is in the defendants, who claim title in fee, and that the plaintiffs are not now entitled to the possession of said premises, as their interest therein although vested is in remainder, subject to the life estate as tenant by the curtesy of Nicholas Smith, their father, who is now living. The action, if maintainable at all, is one that could have been brought by the infants through a guardian at any time after September 29, 1883.

The plaintiffs' cause of action, which concededly is one in equity to remove a cloud on title, is barred by the statutes quoted unless the right of action, instead of being one which accrued on September 29, 1883, is a continuous one accruing from day to·day against which the Statute of Limitations does not apply or which perhaps more accurately stated is by reason of its continual repetition one against which the Statute of Limitations does not run.

It is well settled that an owner in possession has a right to invoke the aid of a court of equity at any time while he is so the owner and in possession, to have an apparent, though in fact not a real incumbrance discharged from the record and such a right is never barred by the Statute of Limitations. It is a continuing right which exists as long as there is an occasion for its exercise. (*Miner* v. *Beekman,* 50 N. Y. 337; *Schoener* v. *Lissauer,* 107 N. Y. 111; *Smith* v. *Reid,* 134 N. Y. 568, 577, 578;

*De Forest* v. *Walters,* 153 N. Y. 229; *Gilmore* v. *Ham, supra.*)

The owner of real property who is in possession thereof may wait until his possession is invaded or his title is attacked before taking steps to vindicate his right. A person claiming title to real property but not in possession thereof must act affirmatively and within the time provided by the statute. Possession is a continuing right as is the right to defend such possession. So it has been determined that an owner of real property in possession has a continuing right to invoke a court of equity to remove a cloud that is a continuing menace to his title. Such a menace is compared to a continuing nuisance or trespass which is treated as successive nuisances or trespasses, not barred by statute until continued without interruption for a length of time sufficient to affect a change of title as a matter of law. (*Miner* v. *Beekman, supra ; Galway* v. *Metr. E. R. Co.,* 128 N. Y. 132.)

Where a person who claims to own real property which is in the possession of another seeks in an action in equity to obtain a judgment which will subsequently enable him to obtain possession thereof, every reason which can exist in any case for diligence on the part of the person making a claim in asserting the same is applicable. Such an alleged owner claiming a cause of action in equity against the person in possession of real property must assert it within the time prescribed by statute or he will lose his right to maintain it. (*Miner* v. *Beekman, supra ; Hubbell* v. *Sibley,* 50 N. Y. 468; *Cahill* v. *Seitz,* 93 App. Div. 105; *O'Donohue* v. *Smith,* 130 App. Div. 214; *Sage* v. *Winona & St. P. R. Co.,* 58 Fed. Rep. 297; *Casserly* v. *County of Alameda,* 153 Cal. 170; *Eve* v. *Louis,* 91 Ind. 457; *Caress* v. *Foster,* 62 Ind. 145; *Cooper* v. *Rhea,* 29 L. R. A. [N. S.] 930, note; 20 A. & E. A. Cases, 42, note.)

It is unnecessary to determine the many other questions presented to us by the parties to this appeal. This action

as we have already stated is an action in equity subject to the Statute of Limitations affecting equitable actions and not within the exception asserted by the plaintiffs.

The judgments of the Special Term and of the Appellate Division were right and should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN, MILLER and SEABURY, JJ., concur.

Judgments affirmed.