■ LINA CIPRIANO, an Infant, et al., Respondents, v CITY OF MOUNT VERNON, Appellant.—Order of the Supreme Court, Westchester County, dated September 21, 1984, affirmed, with costs, for reasons stated by Justice Beisner at Special Term. Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.

■ ROSALIE DOWNES, Appellant, v TINA M. PELUSO, Respondent.—In an action, *inter alia,* to determine title to certain property, plaintiff appeals from an order of the Supreme Court, Queens County (Hyman, J.), dated October 19, 1984, which, *inter alia,* granted defendant's motion to dismiss the complaint.

Order affirmed, with costs.

Special Term properly dismissed this action brought under RPAPL article 15 as barred by the 10-year Statute of Limitations *(see,* CPLR 212 [a]). A person claiming title to real property, but not in possession thereof, must act, affirmatively and within the time provided by statute *(Orange & Rockland Utilities v Philwold Estates,* 52 NY2d 253; *Ford v Clendenin,* 215 NY 10). Plaintiff never alleged, nor has she established, her possession of the real property in issue. Special Term properly exercised its discretion in denying her leave to amend her complaint as, under any conceivable recitation of the facts, she could not satisfy the requirement of possession *(see, Sharapata v Town of Islip,* 82 AD2d 350, *affd* 56 NY2d 332; *Citibank v Suthers,* 68 AD2d 790). Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.