■ TOK HWAI KOO, Appellant-Respondent, v ROBERT KOO WINE & LIQUOR, INC., et al., Respondents-Appellants, et al., Defendant.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on July 27, 1990, which denied plaintiff's motion for partial summary judgment on the first, second and

third causes of action of the complaint and which denied the defendants' cross-motion for summary judgment dismissing the complaint based upon the affirmative defenses of the Statute of Limitations, unclean hands and laches, unanimously affirmed, without costs.

Plaintiff commenced the underlying action seeking to set aside the transfer of certain real property located at 474 Ninth Avenue, in Manhattan, to defendant Robert Koo Wine & Liquor, Inc., based upon plaintiff's assertion that his brother, defendant Robert D. Koo, had forged the plaintiff's signature on the 1983 deed without his knowledge or consent. In their verified answer, the defendants concede that defendant Robert D. Koo did in fact sign the plaintiff's name to the deed, but maintain that he did so in the plaintiff's presence and at his direction, with the plaintiff adopting the signature placed thereon as his own.

Although General Obligations Law §§ 5-703 and 15-301 (5) and Real Property Law § 243 require that a transfer of real property be signed by the seller of the property or his agent and, if by an agent, that the agency authorization be in writing (Coppola v Fredstrom, 45 AD2d 857), nevertheless, a signatory to a writing can, with the requisite intent, adopt any mark or sign as his own signature, without resort to or the need for a written agency agreement. (Hummell v Cruikshank, 280 App Div 47.) Thus triable issues of fact, precluding summary judgment, exist as to the circumstances surrounding the execution of the deed.

We note that the applicable Statute of Limitations is the ten year Statute of Limitations set forth in CPLR 212 (a) (Downes v Peluso, 115 AD2d 454), and that the doctrine of laches is inapplicable to an action at law brought pursuant to RPAPL article 15 (Dante v 310 Assocs., 121 AD2d 332, lv denied 68 NY2d 607).

We have considered the remaining contentions raised on appeal and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Ross and Kassal, JJ.