■ ROBERT A. LACKEY, as Executor of ALFONSE DEVIVO, Deceased, et al., Appellants, v STEVEN ROMANO et al., Defen-

dants and Third-Party Plaintiffs-Respondents, et al., Defendants. RICHARD DEVIVO et al., Third-Party Defendants-Respondents. [724 NYS2d 642] —In an action pursuant to RPAPL article 15 to determine an interest in real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Held, J.), dated January 19, 2000, which denied their motion, *inter alia*, for summary judgment on the complaint, granted the motion of the defendants third-party plaintiffs for summary judgment dismissing the complaint insofar as asserted against them, and granted the motion of the third-party defendants, *inter alia*, for summary judgment dismissing the complaint and the third-party complaint.

Ordered that the appeal from so much of the order as granted that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party complaint is dismissed, as the plaintiffs are not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court properly determined that the plaintiffs' claims were precluded by the doctrine of adverse possession. An open and unequivocal ouster occurred when the cotenants conveyed the entire property in 1975 (*see, Andy Assocs. v Bankers Trust Co.,* 49 NY2d 13). Consequently, the applicable Statute of Limitations began to run upon the recording of the deed in 1975 (*see, Pravato v M.E.F. Bldrs.,* 217 AD2d 654).

The plaintiffs' claims are also barred by the doctrine of laches because they delayed in asserting their rights for more than 24 years after they accrued. Ritter, J. P., S. Miller, McGinity and Townes, JJ., concur.