WPA Acquisition Corp., Appellant, v James P. Lynch et al., Defendants, and Howard C. Sumner, Jr., et al., Respondents. [920 NYS2d 223]—

This appeal involves land east of Route 300 in the Town of Newburgh. The defendants reside in a subdivision just east of Route 300 called Mayfair Estates. The subdivision has a private road called Tom's Lane which provides ingress and egress to the subdivision from Route 300. The plaintiff owns a large swath of land further to the east. In this action, the plaintiff seeks a declaration that it has title to a 50-foot-wide strip of land running from its premises through the subdivision to Route 300 (hereinafter the disputed strip). The disputed strip runs through the southern portion of the development through some of the defendants' lots, then veers north to meet up with and trace the portion of the private road in the subdivision, Tom's Lane, where it meets Route 300.

The defendants Pietro Colangelo, Teresa Colangelo, Darren H. Marshall, Miriam E. Marshall, Andrew Freilich, and Heather Freilich moved, and the defendants Howard C. Sumner, Jr., Sherenelle Miller-Sumner, Emerito P. DeLeon, and Annahwelch V. DeLeon (hereinafter collectively the defendants) separately moved, for summary judgment on the complaint insofar as asserted against them declaring that they have an easement over Tom's Lane and/or are seized of their premises. The Supreme Court granted the motions based upon the doctrine of laches. The plaintiff appeals and we affirm.

While the Supreme Court properly held that the plaintiff's claim to the disputed strip is barred by laches (see Lackey v Romano, 283 AD2d 463 [2001]), the complaint is also time-barred pursuant to the 10-year statute of limitations applicable to actions to quiet title to real property (see CPLR 212 [a]). "A person claiming title to real property, but not in possession thereof, must act, affirmatively and within the time provided by statute" (Downes v Peluso, 115 AD2d 454 [1985]; see Ford v Clendenin, 215 NY 10, 17 [1915]). Thus, an action to recover real property or its possession may not be maintained unless the plaintiff, or his predecessors, was seized or possessed of the premises within 10 years before commencement of the action (see CPLR 212 [a]).

In support of their respective motions, the defendants established that the plaintiff was not seized of the disputed strip within 10 years prior to November 7, 2007, the date of commencement of this action. The filed subdivision maps are prima facie evidence of their contents (see CPLR 4522), and show that, for more than 10 years prior to the commencement

of this action, Tom's Lane was in existence and being used by subdivision lot owners for ingress and egress to Route 300, and that at least one driveway had been constructed upon that portion of the disputed strip running through the subdivision lots. The defendants further submitted certificates of occupancy for two of the lots, establishing that those houses were constructed more than 10 years prior to the commencement of this action. Accordingly, the defendants established that the plaintiff was not in possession of the disputed strip within the limitations period, and that, regardless of whether they previously held an easement over that portion of the disputed strip which overlaps Tom's Lane, they satisfied the requisites to obtain a prescriptive easement (*see Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512 [1952]). In response to these showings, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' respective motions.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Orange County, for the entry of a judgment making the appropriate declarations (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Florio, Dickerson and Angiolillo, JJ., concur.