■ IRA STEVENS, Respondent, v COMMUNICARE PROPERTIES, LLC, et al., Defendants, and NABIR UDDIN et al., Appellants. [974 NYS2d 128]—

In an action pursuant to RPAPL article 15 to quiet title, the defendants Nabir Uddin and BNY Mortgage Company, LLC, appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), dated December 11, 2012, as denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them and, upon granting the plaintiff's cross motion for leave to enter a default judgment against the defendants Communicare Properties, LLC, and Kevin L. Walker, Sr., declared, inter alia, that a deed dated February 13, 1998, purporting to convey the subject property to Communicare Properties, LLC, was void.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

By deed dated January 15, 1980, and recorded on February 8,

1980, the plaintiff acquired title to the subject premises. The plaintiff purportedly conveyed title to the subject premises to the defendant Communicare Properties, LLC (hereinafter Communicare), by deed dated February 13, 1998, and recorded on February 17, 1998. Thereafter, title to the subject premises was purportedly transferred multiple times until it was last transferred to the defendant Nabir Uddin by referee's deed dated November 18, 2003, and recorded on February 3, 2004. On January 4, 2010, the plaintiff commenced this action to quiet title, alleging, inter alia, that Communicare forged his signature on the 1998 deed and, thus, the 1998 deed as well as all subsequent deeds and mortgages were void. The defendants BNY Mortgage Company, LLC, which held a mortgage on the subject premises, and Uddin (hereinafter together the moving defendants) moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them on the ground that the action was time-barred.

Actions to quiet title are governed by a 10-year statute of limitations pursuant to CPLR 212 (a) (*see Fan-Dorf Props., Inc. v Classic Brownstones Unlimited, LLC*, 103 AD3d 589, 590 [2013]; *WPA Acquisition Corp. v Lynch*, 82 AD3d 1215, 1216 [2011]; *Salatino v Salatino*, 13 AD3d 512, 513 [2004]; *see also Tok Hwai Koo v Koo Wine & Liq.*, 170 AD2d 360, 361 [1991]). Under CPLR 212 (a), "[a]n action to recover real property or its possession cannot be commenced unless the plaintiff, or his predecessor in interest, was seized or possessed of the premises within ten years before the commencement of the action" (*see WPA Acquisition Corp. v Lynch*, 82 AD3d at 1216). Here, the plaintiff sufficiently alleged possession by asserting that the 1998 deed to Communicare, as well as each subsequent deed in the chain of title, was void. Under these facts, the plaintiff, as the alleged legal title holder of the premises, is presumed to have possession of the premises within the time required (*see* RPAPL 311; *County of Suffolk Div. of Real Prop. Acquisition & Mgt. v Kandler*, 20 Misc 3d 136[A], 2008 NY Slip Op 51525[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; *see also* 1-212 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 212.01). Accordingly, the Supreme Court properly denied the moving defendants' motion to dismiss the complaint insofar as asserted against them.

The moving defendants' remaining contention is without merit. Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur.