■ ROBERT WEICHERT et al., Appellants, v KENNETH PLUMADORE et al., Respondents. [58 NYS3d 833]—

Appeal from an order and judgment (one paper) of the Supreme Court, Oswego County (James W. McCarthy, J.), entered May 9, 2016. The order and judgment, inter alia, dismissed the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously modified on the law by vacating the third and fifth ordering paragraphs and reinstating the complaint against defendants James E. Hilton and Ethel Stevens-Hilton, and as modified the order and judgment is affirmed without costs and the matter is remitted to Supreme Court, Oswego County, for further proceedings in accordance with the following memorandum: Plaintiffs, the titled owners of certain property in the Town of Albion, Oswego County, commenced this action against defendants Kenneth Plumadore and Leanne Plumadore (collectively, Plumadores), and defendants James E. Hilton and Ethel Stevens-Hilton (collectively, Hiltons), who are the respective titled owners of two different parcels of property adjacent to plaintiffs' property. In their complaint, plaintiffs allege that the Plumadores claim title to some property that is owned by plaintiffs, and plaintiffs seek to quiet title to the disputed property pursuant to RPAPL article 15, to recover

damages based on the Plumadores' and the Hiltons' alleged trespass on plaintiffs' property, and injunctive relief against the Plumadores and the Hiltons. Plaintiffs moved for an order dismissing the answers of the Plumadores and the Hiltons for failure to comply with discovery demands and, in the alternative, for partial summary judgment. The Plumadores crossmoved for summary judgment dismissing the complaint against them based on the statute of limitations and on the ground that they hold title to the disputed property. Plaintiffs appeal from an order and judgment that, inter alia, granted the Plumadores' cross motion, dismissed the complaint against the Plumadores as barred by the statute of limitations, determined that the Plumadores are the owners of the disputed property, dismissed the complaint against the Hiltons based on the "determination that [plaintiffs are] not titled owners of the subject property [and therefore] have no standing to . . . maintain an action sounding in trespass against [the] Hilton[s]," and "denied as moot" plaintiffs' motion.

At the outset, we note that plaintiffs do not challenge Supreme Court's denial of their motion, and contend only that the court erred in granting the Plumadores' cross motion and dismissing the complaint against both the Plumadores and the Hiltons. We conclude that the court properly granted the Plumadores' cross motion for summary judgment dismissing the complaint against them on the ground that the action was barred by the statute of limitations (*see WPA Acquisition Corp. v Lynch*, 82 AD3d 1215, 1216 [2011]; *Vollbrecht v Jacobson*, 40 AD3d 1243, 1246 [2007]; *James v Lewis*, 135 AD2d 785, 786 [1987]). CPLR 212 (a) provides that "[a]n action to recover real property or its possession cannot be commenced unless the plaintiff, or his predecessor in interest, was seized or possessed of the premises within 10 years before the commencement of the action." "A person claiming title to real property, but not in possession thereof, must act, affirmatively and within the time provided by statute" (*Downes v Peluso*, 115 AD2d 454, 454 [1985]; *see Ford v Clendenin*, 215 NY 10, 17 [1915]; *WPA Acquisition Corp.*, 82 AD3d at 1216). Here, the Plumadores submitted evidence establishing that plaintiffs did not possess the disputed property during the 10 years immediately preceding the commencement of this action and, in opposition to the cross motion, plaintiffs failed to raise a triable issue of fact (*see WPA Acquisition Corp.*, 82 AD3d at 1216-1217; *see generally Vollbrecht*, 40 AD3d at 1246; *Dolan v Ross*, 172 AD2d 1013, 1013 [1991]).

We conclude, however, that the court erred in dismissing the

complaint against the Hiltons, and we modify the order and judgment accordingly. We note that plaintiffs' causes of action to enjoin and recover damages for the Hiltons' alleged trespass upon their property are factually unrelated to plaintiffs' dispute with the Plumadores concerning the title to the disputed property, and we thus conclude that the dismissal of the complaint against the Plumadores does not necessitate the dismissal of the complaint against the Hiltons. In light of our determination, we also conclude that the court erred in denying as moot that part of plaintiffs' motion seeking dismissal of the Hiltons' answer and we further modify the order and judgment accordingly. We remit the matter to Supreme Court to determine that part of plaintiffs' motion. Present—Centra, J.P., Peradotto, Carni, NeMoyer and Curran, JJ.