Morgan v Suco (2022 NY Slip Op 02404)

Morgan v Suco

2022 NY Slip Op 02404

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2019-09125
 (Index No. 60997/18)

[*1]Franklyn A. Morgan, et al., appellants, 
v
Larry Suco, et al., respondents.

Percival A. Clarke, Mount Vernon, NY, for appellants.
Neveen M. Nesheiwat, Yonkers, NY, for respondents.

DECISION & ORDER
In an action, inter alia, in effect, pursuant to RPAPL article 15 to quiet title to real property, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated July 3, 2019. The order granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is affirmed, with costs.
The plaintiffs and defendants are neighbors, and the plaintiffs allege that a fence on the defendants' property encroaches upon their property. In July 2018, the plaintiffs commenced this action, inter alia, in effect, pursuant to RPAPL article 15 to quiet title to real property. The defendants moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. By order dated July 3, 2019, the Supreme Court granted that branch of the defendants' motion. The plaintiffs appeal.
"'A person claiming title to real property, but not in possession thereof, must act, affirmatively and within the time provided by statute'" (WPA Acquisition Corp. v Lynch, 82 AD3d 1215, 1216, quoting Downes v Peluso, 115 AD2d 454, 454; see Ford v Clendenin, 215 NY 10, 17). Pursuant to CPLR 212(a), "[a]n action to recover real property or its possession cannot be commenced unless the plaintiff, or his predecessor in interest, was seized or possessed of the premises within ten years before the commencement of the action" (see Matter of Marini, 119 AD3d 584; WPA Acquisition Corp. v Lynch, 82 AD3d at 1216).
Here, the defendants met their initial burden of establishing the time in which to commence this action has expired by demonstrating that the fence was erected more than 10 years prior to the commencement of this action (see Nautilus Land Owners Corp. v Gilbert, 253 AD2d 862). In opposition, the plaintiffs failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the plaintiffs actually commenced the action within the applicable limitations period (see Kotlyarsky v Abrazi, 188 AD3d 853, 854; Barry v Cadman Towers, Inc., 136 AD3d 951, 952). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court