Clarke v Clarke (2025 NY Slip Op 02315)

Clarke v Clarke

2025 NY Slip Op 02315

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-10742
 (Index No. 705640/21)

[*1]Andrea Clarke, respondent, 
v
Veronica Clarke, appellant.

Fred L. Seeman, New York, NY (Ryan Marrano of counsel), for appellant.
Daniel Friedman, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property and, in effect, to impose a constructive trust upon certain real property, the defendant appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated June 2, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was pursuant to RPAPL article 15, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendant, her mother, seeking a one-half interest in certain premises located in Queens (hereinafter the subject premises), even though title to the subject premises is held by the defendant alone. The defendant moved for summary judgment dismissing the complaint. In an order dated June 2, 2023, the Supreme Court denied the motion. The defendant appeals.
"A constructive trust is an equitable remedy, and may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (Rowe v Kingston, 94 AD3d 852, 853 [citation, alteration, and internal quotation marks omitted]; see Sharp v Kosmalski, 40 NY2d 119, 121). "[T]o obtain the remedy of a constructive trust, a plaintiff generally is required to demonstrate four factors: (1) a fiduciary or confidential relationship between the parties, (2) a promise, (3) a transfer of some asset in reliance upon the promise, and (4) unjust enrichment flowing from the breach of the promise" (Mei Yun Chen v Mei Wan Kao, 97 AD3d 730, 730; see McGrath v Hilding, 41 NY2d 625, 629). "[A]s these elements serve only as a guideline, a constructive trust may still be imposed even if all of the elements are not established" (Marini v Lombardo, 79 AD3d 932, 933).
"[T]here is no requirement that the alleged promise be expressly stated; rather, 'a promise may be implied or inferred from the very transaction itself'" (Canas v Oshiro, 221 AD3d 650, 652, quoting Sharp v Kosmalski, 40 NY2d at 122). "Courts have also extended the transfer element to include instances where funds, time and effort were contributed in reliance on a promise [*2]to share in some interest in property, even through no transfer actually occurred" (id. [internal quotation marks omitted]).
Here, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought, in effect, to impose a constructive trust. Through her submissions, particularly her affidavit, the defendant established, prima facie, that she never promised to make the plaintiff a 50% owner of the subject premises and that, as the defendant purchased the subject premises at an auction following foreclosure, the plaintiff did not hold an interest in the subject premises prior to obtaining any alleged promise (see Estate of Uddin v Miah, 229 AD3d 764, 766). In opposition, however, the plaintiff raised triable issues of fact as to whether there was an express or implied promise for the plaintiff to be a 50% owner of the subject premises and whether the plaintiff expended sufficient money, labor, and time in the subject premises to develop an equitable interest (see id. at 766-767).
The Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as alleged promissory estoppel and unjust enrichment. "The elements of a cause of action based upon promissory estoppel are a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise" (Rock v Rock, 100 AD3d 614, 616 [internal quotation marks omitted]). In this case, the defendant's submissions, particularly her affidavit, established, prima facie, that there was no alleged promise regarding ownership of the subject premises. In opposition, however, the plaintiff's submissions, particularly her affidavit, raised a triable issue of fact regarding whether there was such a promise (see Planet Waste Mgt. v Computer Assoc. Intl., 269 AD2d 376, 377).
"To establish an unjust enrichment cause of action, a plaintiff must allege that (1) the other party was enriched, (2) at that party's expense, and (3) it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (Dee v Rakower, 112 AD3d 204, 213). Here, in opposition to the defendant's prima facie showing of her entitlement to judgment as a matter of law dismissing so much of the complaint as alleged unjust enrichment, the plaintiff's submissions raised triable issues of fact (see Canas v Oshiro, 221 AD3d at 652).
However, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was pursuant to RPAPL article 15. An action to recover real property or its possession may not be maintained unless the plaintiff, or the plaintiff's predecessor in interest, was seized or possessed of the premises within 10 years before commencement of the action (see CPLR 212[a]; Morgan v Suco, 204 AD3d 785, 785; WPA Acquisition Corp. v Lynch, 82 AD3d 1215, 1216). Here, in opposition to the defendant's prima facie showing that the plaintiff, or her predecessor in interest, was not seized or possessed of the subject premises within 10 years before the commencement of this action, the plaintiff failed to raise a triable issue of fact (see WPA Acquisition Corp. v Lynch, 82 AD3d at 1216-1217).
The defendant's remaining contentions are without merit.
We modify the order accordingly.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court