■ CHRIS OSTER, Appellant, v AETNA CASUALTY AND SURETY Co. et al., Respondents. [724 NYS2d 198] —In an action pursuant to Insurance Law § 3420 to recover an unsatisfied judgment against the defendants' insureds, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated June 3, 2000, as denied his motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment is granted, the defendant's cross motion is denied, and the matter is remitted to the Supreme Court, Queens County for the entry of an appropriate judgment.

On December 25, 1994, the plaintiff tripped and fell on stairs at premises owned by Francisco Ciminna and Eufemia Ciminna. The Ciminnas were insured by Aetna Casualty and Surety Co. (hereinafter Aetna). On or about January 26, 1995, Aetna received written notice of the accident from the Ciminnas' insurance agent. By letter dated January 30, 1995, Aetna acknowledged to the plaintiff's counsel its receipt of the claims against the Ciminnas and requested further documentation. By letter dated April 7, 1995, Aetna informed the plaintiff's attorney that it was denying the plaintiff's claim because its investigation had revealed that the Ciminnas were not responsible for the plaintiff's injuries, as the stairs were free of defects and hazards. On or about May 5, 1995, the plaintiff commenced a personal injury action against the Ciminnas and obtained a default judgment against them when they failed to appear in the action. On or about May 21, 1998, a copy of the judgment with notice of entry was served upon the defendants Travelers Insurance Company (hereinafter Travelers) and Standard Fire Insurance Company (hereinafter Standard) as the successors in interest to Aetna. Travelers sent a letter dated September 29, 1998, to the Ciminnas disclaiming coverage, contending that the Ciminnas had breached a condition of their policy which required them to forward to the insurer every notice, demand, summons, or other process relating to the accident. The plaintiff brought the instant action against the defendant insurers pursuant to Insurance Law § 3420 to enforce the judgment in the underlying action.

Insurance Law § 3420 (d) provides that an insurer may disclaim coverage by giving written notice of such disclaimer as soon as is reasonably possible. The bodily injury in the present case is one which is governed by Insurance Law § 3420 (d). Accordingly, Travelers and Standard had a duty to disclaim coverage in a timely manner (see, Sphere Drake Ins. Co. v Block, 265 AD2d 78; see also, Eagle Ins. Co. v Ortega, 251 AD2d 282). Contrary to the finding of the Supreme Court, by not serving written notice of disclaimer of coverage for more than four months, Travelers and Standard did not disclaim coverage as soon as reasonably possible. Therefore, the order is reversed insofar as appealed from, and the plaintiff's motion for summary judgment is granted. O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.