■ PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, Respondent, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [837 NYS2d 445]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered August 28, 2006. The order denied defendant's motion to dismiss the complaint and for costs and disbursements.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking recovery of one half of the costs associated with the settlement of the underlying action. Plaintiff issued a policy to Textar Painting Corporation (Textar) that named the New York State Thruway Authority (Authority) as an insured. Defendant issued a policy to KTA-Tator, Inc. (KTA-Tator) that also named the Authority as an insured. The Authority contracted with Textar to clean and paint the structural steel on the South Grand Island Bridge, and it contracted with KTA-Tator to inspect the work performed by Textar. A Textar employee sustained fatal injuries while painting the bridge, and his wife, individually and as administratrix of his estate, commenced the underlying action against the Authority. Plaintiff paid a settlement on the Authority's behalf and commenced this action, alleging that its policy and defendant's policy covered the same risk and that plaintiff and defendant therefore were coinsurers.

Defendant moved to dismiss the complaint and for costs and disbursements pursuant to, inter alia, CPLR 3211 (a) (1), on the ground that the two policies insured different risks. "[W]here insurance policies provide coverage for the same interest and against the same risk, concurrent coverage exists and two or more primary insurers will be held to be coinsurers" (*Southgate*

*Owners Corp. v Public Serv. Mut. Ins. Co.*, 241 AD2d 397, 398 [1997]; *see National Union Fire Ins. Co. of Pittsburgh, Pa. v Hartford Ins. Co. of Midwest*, 248 AD2d 78, 85 [1998], *affd* 93 NY2d 983 [1999]; *B.K. Gen. Contrs. v Michigan Mut. Ins. Co.*, 204 AD2d 584, 585 [1994]). In this case, plaintiff's policy provided coverage for the Authority in the event that bodily injury was caused by Textar's painting operations and for the Authority's acts or omissions in supervising Textar's painting operations. Defendant's policy, on the other hand, provided coverage for the Authority in the event that bodily injury was caused by KTA-Tator's inspecting operations and for the Authority's acts or omissions in supervising KTA-Tator's inspecting operations. Thus, while the two policies provided coverage for the same insured, the policies did not insure the same risk (*see HRH Constr. Corp. v Commercial Underwriters Ins. Co.*, 11 AD3d 321, 323 [2004], *lv denied* 5 NY3d 705 [2005]). We therefore reverse the order, grant the motion in part and dismiss the complaint. Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.