■ NEW YORK STATE THRUWAY AUTHORITY, Respondent, v KTA-TATOR ENGINEERING SERVICES, P.C., Respondent/Third-Party Plaintiff-Respondent. LIBERTY INSURANCE CORPORATION, Third-Party Defendant-Appellant. LIBERTY INSURANCE CORPORATION, Second Third-Party Plaintiff-Appellant, v CONTINENTAL INSURANCE COMPANY, Second Third-Party Defendant-Respondent. [913 NYS2d 438]—

Appeal from a judgment (denominated decision and order) of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered January 8, 2010. The judgment, insofar as appealed from, declared that Liberty Insurance Corporation is the sole insurer of the costs of the defense for KTA-Tator Engineering Services, P.C. in the main action up to the $100,000 deductible/ SIR in the insurance policy issued by Continental Insurance Company.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Third-party defendant and second third-party plaintiff, Liberty Insurance Corporation (Liberty), contends on appeal that Supreme Court erred in granting that part of the cross motion of second third-party defendant, Continental Insurance Company (Continental), seeking a declaration that Libertfy is the sole insurer of the costs of the defense for defendant/third-party plaintif, KTA-Tator Engineering Services, P.C. (KTA), "in the main action up to the $100,000 deductible/ [self-insured retention (SIR)] set forth in the Continental [insurance] policy." Liberty further contends that the court erred

in granting that part of Continental's cross motion seeking a declaration that Liberty and Continental "should share the costs of defense of KTA in the main action on an equal . . . basis following the exhaustion of that $100,000 deductible/SIR." At the outset, we agree with Liberty that the doctrine of law of the case does not apply based on the prior judgment that, inter alia, granted KTA's prior motion for partial summary judgment and granted in part Continental's prior cross motion seeking a declaration, nor does it apply based on our decision in the prior appeal affirming that judgment (*New York State Thruway Auth. v KTA-Tator Eng'g Servs., P.C.*, 43 AD3d 1405 [2007]). That doctrine "requires that once an issue is judicially determined, it is deemed to be conclusive as to courts of co-ordinate jurisdiction" (*Metropolitan Package Store Assn. v Koch*, 89 AD2d 317, 321 [1982], *appeal dismissed* 58 NY2d 1112 [1983], *appeal dismissed* 464 US 802 [1983], *reh denied* 464 US 1003 [1983]; *see Emergency Enclosures, Inc. v National Fire Adj. Co., Inc.*, 68 AD3d 1658, 1663 [2009]). Here, the issue whether Liberty was a coinsurer with Continental was not previously judicially determined, either explicitly or implicitly, and Liberty therefore may raise that issue on this appeal.

We nevertheless conclude that the court properly issued the declaration sought by Continental in its cross motion. Although the Continental policy refers to a "deductible," we conclude that the policy actually contains a SIR in the amount of $100,000. "A SIR differs from a deductible in that a SIR is an amount that an insured retains and covers before insurance coverage begins to apply. Once a SIR is satisfied, the insurer is then liable for amounts exceeding the retention. In contrast, a deductible is an amount that an insurer subtracts from a policy amount, reducing the amount of insurance" (*In re September 11th Liab. Ins. Coverage Cases*, 333 F Supp 2d 111, 124 n 7 [2004]; *see Tokio Mar. & Fire Ins. Co. v Insurance Co. of N. Am.*, 262 AD2d 103 [1999]).

It is well settled that a contract must be read as a whole to give effect and meaning to every term (*see Village of Hamburg v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 89 [2001], *lv denied* 97 NY2d 603 [2001]). Indeed, "[a] contract should be interpreted in a way [that] reconciles all [of] its provisions, if possible" (*Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963, 965 [2005]; *see Village of Hamburg*, 284 AD2d at 89). Here, the Continental policy provided that the policy limit and $100,000 "deductible" included claim expenses, which were defined to include defense costs. The policy further provided that the policy limit "applies as excess over any de-

ductible amount." Inasmuch as the policy explicitly provided that the $100,000 would not reduce the policy limit, it cannot be said that the policy contained a deductible that would be subtracted from the policy limits. We thus conclude that the Continental policy contained a SIR and that Liberty was obligated to provide sole primary coverage to KTA for its defense costs up to $100,000 (*see New York State Dormitory Auth. v Scottsdale Ins. Co.*, 27 AD3d 1102 [2006]).

The court properly determined that Liberty and Continental should share equally in KTA's defense costs in excess of $100,000. The Liberty policy provided coverage for general liability and excluded coverage for professional liability, whereas the Continental policy provided coverage only for professional liability. "Thus, while the two policies provided coverage for the same insured, the policies did not insure the same risk" (*Pennsylvania Manufacturers' Assn. Ins. Co. v Liberty Mut. Ins. Co.*, 39 AD3d 1161, 1162 [2007], *lv denied* 9 NY3d 810 [2007]; *see HRH Constr. Corp. v Commercial Underwriters Ins. Co.*, 11 AD3d 321, 323 [2004], *lv denied* 5 NY3d 705 [2005]). We therefore reject Liberty's contention that the court should have ordered Liberty and Continental to share the defense costs on a pro rata basis pursuant to their different policy limits (*cf. Great N. Ins. Co. v Mount Vernon Fire Ins. Co.*, 92 NY2d 682, 687 [1999]; *Federal Ins. Co. v Empire Mut. Ins. Co.*, 181 AD2d 568, 569-570 [1992]). Present—Centra, J.P., Fahey, Peradotto, Lindley and Green, JJ.