# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

616

CA 12-00261

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

RLI INSURANCE COMPANY, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

LESLIE SMIEDALA, ET AL., DEFENDANTS,
AND REGIONAL INTEGRATED LOGISTICS, INC.,
DEFENDANT-APPELLANT.

---

SLIWA & LANE, BUFFALO (KEVIN A. LANE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Frank Caruso, J.), entered May 23, 2011. The judgment, insofar as appealed from, denied the motion of defendant Regional Integrated Logistics, Inc. for a declaration.

It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant-appellant is granted and judgment is granted in favor of defendant-appellant as follows:

> It is ADJUDGED and DECLARED that plaintiff is obligated to defend and indemnify defendant-appellant for the obligations it assumed pursuant to its indemnification agreement with defendant Michael J. Hale, and

> It is further ADJUDGED and DECLARED that a hearing to determine the legal services that should be apportioned between defendant-appellant and defendant Michael J. Hale is no longer necessary.

Memorandum: Plaintiff commenced this action seeking judgment declaring that it is not obligated to defend or indemnify defendant Michael J. Hale and defendant-appellant, Regional Integrated Logistics, Inc. (Regional), in the underlying personal injury action and related third-party action under the commercial automobile insurance policy issued by plaintiff to Regional. Defendant Leslie Smiedala commenced the underlying personal injury action seeking damages for injuries he allegedly sustained when the vehicle in which he was a passenger collided with a vehicle driven by Hale, which Hale had leased from Audi Financial Services and VW Leasing, Ltd.

(Audi/VW), defendants-third-party plaintiffs in the underlying action. Hale, an employee of Regional, was driving to the bank at the time of the accident in order to make a deposit for Regional. Audi/VW commenced the third-party action against Regional seeking contribution and/or indemnification for any liability arising from Hale's negligence under the doctrine of respondeat superior.

Hale and Regional moved for summary judgment declaring that plaintiff must defend and indemnify them under the policy. Before that motion was decided, Regional and Hale entered into an indemnification agreement (R-H Agreement) pursuant to which Regional agreed to indemnify and hold harmless Hale "from and against any and all claims, damages, losses, expenses, liability and exposure, including, but not limited to, counsel fees, costs and disbursements, imposed upon or awarded against Hale as a result of and/or in connection with" the motor vehicle accident. Although Supreme Court denied the initial motion of Hale and Regional, the court thereafter granted their motion for leave to reargue and, upon reargument, granted the initial motion and issued the requested declaration. On a prior appeal, we concluded that the court should have granted the declaration only in favor of Regional but not Hale. We thus modified the judgment accordingly (*RLI Ins. Co. v Smiedala*, 71 AD3d 1553 [first appeal]).

While the first appeal was pending, Hale and Regional moved for summary judgment declaring that plaintiff was obligated to pay the costs and legal fees incurred by them in defending the declaratory judgment action commenced by plaintiff. The court granted that motion but, on appeal, we modified the judgment by denying that part of the motion with respect to Hale, based on our earlier determination that plaintiff was not obligated to defend or indemnify Hale in the underlying personal injury action (*RLI Ins. Co. v Smiedala*, 77 AD3d 1293 [second appeal]). We also remitted the matter to Supreme Court "to determine the amount of reasonable attorneys' fees to which Regional is entitled in the declaratory judgment action following a hearing, if necessary," on the ground that the same attorney represented Hale and Regional in the declaratory judgment action, and it was not possible on the record before us to determine that part of the attorneys' fees attributable to each (*id.* at 1295).

Following our decision in the second appeal, Regional moved for summary judgment seeking a declaration that plaintiff was "obligated to provide coverage to [Hale] for the contractual indemnification agreement that [Regional] entered into with [Hale]." Regional also sought a declaration that a hearing was no longer needed to determine the amount of attorneys' fees that should be attributed to Hale and Regional. Regional contended in support of the motion, as it does on this appeal, that plaintiff was "obligated to provide coverage for the [R-H] [A]greement that Regional entered into with [Hale]," including coverage for Regional's obligation "to pay the counsel fees of [Hale]." We conclude that the court erred in denying Regional's motion.

We agree with Regional that our decision in the first appeal does

not preclude us from deciding the merits of the issues raised on this appeal inasmuch as our earlier decision neither addressed nor resolved the contention that plaintiff is obligated to defend and indemnify Regional for liabilities it assumed under the R-H Agreement (*see New York State Thruway Auth. v KTA-Tator Eng'g Servs., P.C.*, 78 AD3d 1566, 1567; *Matter of El-Roh Realty Corp.*, 74 AD3d 1796, 1798).

We further agree with Regional that the insurance policy issued by plaintiff to Regional would cover the liability assumed by Regional but for a policy exclusion providing that the insurance does not apply to "[l]iability assumed under any contract or agreement." Nevertheless, the policy further provides that there is an exception to that exclusion, which states that the exclusion does not apply to liability "[a]ssumed in a contract or agreement that is an 'insured contract' provided the 'bodily injury' or 'property damage' occurs *subsequent* to the execution of the contract or agreement" (emphasis added).

We reject plaintiff's contention that the liability coverage section in the policy is not triggered by the R-H Agreement.  "It is well settled that a contract must be read as a whole to give effect and meaning to every term . . . Indeed, '[a] contract should be interpreted in a way [that] reconciles all [of] its provisions, if possible' " (*New York State Thruway Auth.*, 78 AD3d at 1567; *see El-Roh Realty Corp.*, 74 AD3d at 1799).  If the policy had not been intended to cover indemnification agreements such as the one at issue herein, there would be no need to include an express provision excluding from coverage indemnification agreements that were entered into *after* the bodily injury or property damage occurred.  Therefore, we must interpret the policy in such a way that indemnification agreements are encompassed by the coverage section.  Regional does not dispute the fact that the liability it assumed in the R-H Agreement would normally be excluded from coverage because the R-H Agreement was executed *after* the bodily injury or property damage occurred.  Regional likewise does not dispute that it violated a provision of the policy by assuming an obligation without plaintiff's consent.  Regional correctly contends, however, that plaintiff is precluded from relying on the exclusion or the policy condition violated by Regional because plaintiff did not timely disclaim coverage or deny liability.

Insurance Law § 3420 (d) (2) requires an insurer who is seeking to disclaim liability or to deny coverage to "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured."  The timely disclaimer requirement applies whether the insurer is relying on a policy exclusion (*see HBE Corp. v Sirius Am. Ins. Co.*, 63 AD3d 1509, 1510) or the violation of a policy condition (*see Oster v Aetna Cas. & Sur. Co.*, 283 AD2d 409, 410), and "[t]he timeliness of an insurer's disclaimer [or denial] is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*Matter of New York Cent. Mut. Fire Ins. Co. v Steiert*, 68 AD3d 1120, 1121; *see Continental Cas. Co. v Stradford*, 11 NY3d 443, 449; *Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1056, *rearg denied* 79 NY2d 823; *George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh,*

*PA*, 92 AD3d 104, 106).

Regional established that plaintiff was notified as early as April 2010 and on multiple occasions thereafter that Regional was seeking coverage for the obligations it assumed under the R-H Agreement.  It is undisputed that plaintiff never formally disclaimed liability or denied coverage, although we agree with plaintiff that its opposition to the instant motion, which is dated December 10, 2010, may be deemed such a disclaimer or denial (*see Allcity Ins. Co.*, 78 NY2d at 1056; *Matter of New York Cent. Mut. Fire Ins. Co. v Gonzalez*, 34 AD3d 816, 816).  We conclude, however, that plaintiff's disclaimer and denial were untimely as a matter of law (*see e.g. First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 70; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030, *rearg denied* 47 NY2d 951), and thus plaintiff is obligated to defend and indemnify Regional for the obligations Regional assumed in the R-H Agreement.  Based on our determination, we agree with Regional that a hearing is no longer required to apportion the legal services associated with the defense and indemnification of Regional and Hale.

We note that we have not addressed Regional's contention that a potential third-party action by plaintiff against Hale would violate the antisubrogation rule.  That contention is not preserved for our review inasmuch as Regional did not raise that contention in the motion underlying this appeal.  In view of our determination, we need not address Regional's remaining contention.

Entered:  June 8, 2012                     Frances E. Cafarell
                                           Clerk of the Court