13-2606-cv (L)
Arizona Premium Finance Co., Inc. v. Employers Insurance of Wausau, of Wausau Am Mutual Company

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand fourteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

ARIZONA PREMIUM FINANCE CO., INC.,

> *Plaintiff-Appellant-Cross-Appellee*,

v.                                                                    Nos.    13-2606-cv (Lead)
                                                                                   13-2798-cv (XAP)

EMPLOYERS INSURANCE OF WAUSAU, OF
WAUSAU AM MUTUAL COMPANY,

> *Defendant-Appellee-Cross-Appellant*[*].

_____

For Plaintiff-Appellant-Cross-Appellee:          STEVEN G. LEGUM, Mineola, NY.

_____

[*] The Clerk is directed to amend the caption as set forth above.

For Defendant-Appellee-Cross-Appellant:    WILLIAM B. POLLARD, III (Amy C. Cross, *on the brief*), Kornstein Veisz Wexler & Pollard, LLP, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Tomlinson, *Mag. J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant-Cross-Appellee Arizona Premium Finance Co. ("APF") appeals from a June 24, 2013 judgment of the United States District Court for the Eastern District of New York (Tomlinson, *Mag. J.*), and Defendant-Appellee-Cross-Appellant Employers Insurance of Wausau, of Wausau Am Mutual Company ("Wausau") cross-appeals from the same judgment. This case arises out of an insurance program whereby Wausau provided commercial auto insurance for livery vehicles, whose premiums APF financed. APF asserted claims against Wausau under New York Banking Law § 576 and New York Insurance Law § 3428 for the return of unearned insurance premiums, in which APF held a security interest. Wausau asserted counterclaims against APF, alleging that Wausau's managing general agent, Willis of New York, Inc. ("Willis"), had mistakenly overpaid APF on Wausau's behalf for certain unearned premiums. As relevant here, the district court, after assessing the various claims and counterclaims, granted judgment to APF in the amount of $28,697.10, awarded prejudgment interest to APF in the amount of $34,349.01, and denied Wausau's motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b).

In its appeal, APF challenges the district court's grant of summary judgment to Wausau on certain claims and counterclaims, as well as two magistrate judges' interpretation of the

2

district court's summary judgment decision under the doctrine of the law of the case. In its cross-appeal, Wausau challenges the district court's award of prejudgment interest to APF and its denial of Wausau's motion to dismiss for failure to prosecute. We assume the parties' familiarity with the relevant facts, procedural history of the case, and the issues presented for review.

Turning first to APF's challenge to the district court's summary judgment decision, issued by Judge Seybert before the case was reassigned to Judge Townes, "[w]e review de novo a district court's ruling on cross-motions for summary judgment, in each case construing the evidence in the light most favorable to the non-moving party." *Fund for Animals v. Kempthorne*, 538 F.3d 124, 131 (2d Cir. 2008) (quoting *White River Amusement Pub, Inc. v. Town of Hartford*, 481 F.3d 163, 167 (2d Cir. 2007)).

The district court granted summary judgment to Wausau on some of Wausau's counterclaims on the ground that, based on the effective dates on which the relevant policies had been cancelled, Willis had mistakenly overpaid APF on Wausau's behalf for certain unearned premiums. APF contends that this ruling was erroneous for various reasons, including (1) that the district court improperly calculated the cancellation dates, (2) that Wausau's counterclaims are barred by the voluntary payment doctrine, (3) that the district court erred in failing to draw an adverse inference against Wausau based on Willis's shoddy recordkeeping, (4) that Wausau's counterclaims lie not against APF but against the relevant insureds, and (5) that somehow the district court's ruling benefits some insureds at the expense of others. But we need not consider these arguments, as APF failed to raise any of them in its summary judgment papers below. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."

3

(quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) (alteration in original)).

Indeed, APF failed to articulate its final two arguments until its reply brief on appeal. *See United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not consider an argument raised for the first time in a reply brief.").

The district court granted summary judgment to Wausau on certain additional counterclaims, as well as on some of APF's claims, on the ground that APF had failed to adduce evidence that it had ever paid premiums to Wausau on behalf of 52 insureds, preventing APF from seeking the return of unearned premiums for those insureds. APF challenges this ruling on four grounds, but each is unavailing.

First, with respect to Wausau's counterclaims, APF contends that Wausau failed to meet its burden of adducing evidence to show that APF did not pay the premiums for these insureds. But Wausau presented two affidavits from Luis Velez, one accompanying its principal brief below and one on reply. After reviewing and comparing various records produced by APF and obtained from Willis, Velez initially stated that there was no evidence to show that APF had ever paid premiums for 78 insureds, and then revised that number downward to 52 on reply. APF now raises various objections to the accuracy and adequacy of Velez's affidavits, but because APF did not make these objections in its summary judgment papers below, we need not consider them. *See Bogle-Assegai*, 470 F.3d at 504.

Second, with respect to both APF's claims and Wausau's counterclaims, APF contends that it in fact presented evidence of payment. In particular, APF contends that the fact that Wausau issued policies to the relevant insureds gives rise to a presumption, or at least a reasonable inference, that Wausau received the required premiums, such that summary judgment

4

for Wasau was not warranted. But while the issuance of a policy may give rise to an inference that the insurer received at least an initial premium payment, the undisputed evidence here shows that Wausau received a premium down payment from each insured before issuing a policy. In that context, Wausau's mere issuance of the policies does not indicate that APF paid the balance of the premiums due after the down payments.

Third, APF contends that it also presented evidence of payment in the form of an affidavit from APF President Jay Rosenblum. But the only relevant portion of that affidavit is a conclusory statement that "[e]ach and every . . . account was funded by payment as directed to either Willis . . . or Wausau." J.A. 1071. The law is clear that "reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Fourth, APF contends that it presented evidence of payment as to 38 of the 52 insureds in scattered pages of a more-than-80-page exhibit attached to Rosenblum's affidavit. But while these pages were part of the summary judgment record, APF failed to point them out to the district court."While the trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion, it is not required to consider what the parties fail to point out." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (quoting *Downes v. Beach*, 587 F.2d 469, 472 (10th Cir. 1978)).

Turning to APF's argument regarding the law of the case doctrine, we review a district court's application of that doctrine for abuse of discretion. *See Devilla v. Schriver*, 245 F.3d 192, 198 (2d Cir. 2001). As the Supreme Court has explained, the law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues

5

in subsequent stages of the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).

Here, APF contends that Magistrate Judge Lindsay, to whom the case was referred on the parties' consent, ran afoul of this doctrine when she ruled that Judge Seybert's earlier summary judgment decision had resolved all disputed issues in the case except for prejudgment interest and a timing issue later resolved by the parties' stipulation. APF explains that, in an order issued after Judge Seybert's but before Magistrate Judge Lindsay's, Judge Townes set the case down for a hearing on damages. In APF's view, Judge Townes thereby implicitly ruled that additional disputed issues remained open in the case. That implicit ruling then supposedly became the law of the case and bound both Magistrate Judge Lindsay and Magistrate Judge Tomlinson, to whom the case was later reassigned after Magistrate Judge Lindsay's recusal.

But Judge Townes's order did not "decide upon a rule of law" in any relevant sense. Rather, the order merely set forth the procedure by which the court intended to resolve the parties' various arguments—including Wausau's argument that all issues except the timing issue and prejudgment interest had already been resolved in Judge Seybert's summary judgment decision. Moreover, even if the order had triggered the law of the case doctrine, that doctrine "is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) (quoting *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 165 n.5 (2d Cir. 2000)). That power of reconsideration was not altered by the referral to a magistrate judge, who stood in the shoes of the district judge for all relevant purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(a).

In addition, to the extent that APF challenges Magistrate Judge Lindsay's ruling directly, this Court will not disturb a district court's interpretation of its own prior order "absent a clear

6

abuse of discretion." *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (per curiam) (quoting *Hastert v. Ill. State Bd. of Election Comm'rs*, 28 F.3d 1430, 1438 (7th Cir. 1993)). We see no abuse of discretion in Magistrate Judge Lindsay's ruling, much less clear abuse.

Turning to Wausau's cross-appeal, Wausau first argues that Magistrate Judge Tomlinson erred in awarding APF prejudgment interest. "We review a district court's award of prejudgment interest for an abuse of discretion." *Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011). "Since federal jurisdiction in this case is premised on diversity and the right to interest on a cause of action qualifies as a substantive right, we must look to New York law." *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93 (2d Cir. 1984). The relevant New York statute, N.Y. CPLR § 5001(a), mandates that "[i]nterest shall be recovered" in non-equitable contract and property cases like this one.

Despite this clear statutory command, Wausau contends that the trial court should have cut off interest before the entry of judgment based on APF's delay in litigating the case. But in *Spector v. Mermelstein*, 485 F.2d 474 (2d Cir. 1973), we expressly rejected the argument that interest under § 5001(a) may be limited based on the plaintiff's delay, reversing a district court that had ruled otherwise. *See id.* at 482. And since *Spector*, this Court and the New York Court of Appeals have repeatedly reiterated the mandatory nature of prejudgment interest under § 5001(a) in non-equitable contract and property cases. *See, e.g.*, *New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 607 (2d Cir. 2003); *D'Addario & Co., Inc. v. Embassy Indus., Inc.*, 980 N.E.2d 940, 942 (N.Y. 2012).

In the alternative, Wausau contends that, even if prejudgment interest was mandatory under state law, the trial court nevertheless had authority to limit interest as an exercise of its

inherent equitable powers. Wausau points out that in *Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101 (2d Cir. 1992), we affirmed a denial of a motion to dismiss for failure to prosecute, but, based on the plaintiffs' delay, directed the district court on remand, "in an exercise of its equitable powers," to "determine the portion of time for which interest should be allowed." *Id.* at 109. However, *Gibbs* is distinguishable in that, unlike the case at bar, it was not a diversity case governed by state law, but rather a maritime case governed by federal common law. Under that latter body of law, the award of prejudgment interest rests in the sound discretion of the district court, which may deny or limit interest based on, among other things, "the plaintiff's responsibility for 'undue delay in prosecuting the lawsuit.'" *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 196 (1995) (quoting *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983)). Wausau's reliance on *Gibbs* is thus misplaced.

Finally, Wausau also challenges Judge Townes's denial of its motion to dismiss for failure to prosecute. We review a district court's ruling on such a motion for abuse of discretion. *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 486 (2d Cir. 2013). In performing this review, we consider five principal factors:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) (quoting *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999)). "[D]ismissal for failure to prosecute is a 'harsh remedy to be utilized only in extreme situations.'" *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

8

Below, the district court considered these factors and concluded that none favored dismissing the action. Upon our review of the record, although the district court would have been well within its discretion to view the factors differently and grant Wausau's motion, we cannot say that the district court acted improperly in ruling as it did.

We have considered all of the parties' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

9