# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

948

CA 13-01727

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

MARKITA SMITH, INDIVIDUALLY AND AS
MOTHER/NATURAL GUARDIAN OF RA'SHADRIAN
THOMAS, AN INFANT, PLAINTIFF,

                    V                                      MEMORANDUM AND ORDER

CITY OF BUFFALO, CITY OF BUFFALO DEPARTMENT
OF PUBLIC WORKS, PARKS AND STREETS,
DEFENDANTS-RESPONDENTS,
AND COUNTY OF ERIE, DEFENDANT-APPELLANT.

---

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF
COUNSEL), FOR DEFENDANT-APPELLANT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (ROBERT E. QUINN OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered July 24, 2013. The order denied the motion of defendant County of Erie for partial summary judgment and granted the cross motion of defendants City of Buffalo and City of Buffalo Department of Public Works, Parks and Streets for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of her daughter, seeking damages for an injury her daughter sustained when her leg became lodged in a drain intake opening of a splash pool owned by defendant City of Buffalo (City) and operated by defendant County of Erie (County) pursuant to their Intermunicipal Cooperation Agreement (Agreement), which provided for the operation, management and improvement of the City's parklands. It is undisputed that plaintiff's daughter stepped into the drain intake opening because the cover was missing. Pursuant to the Agreement, the City transferred to the County personnel and equipment necessary for the management and operation of the parklands and paid an annual fee to the County for the operational services; however, the City retained certain responsibilities with respect to the parklands. The Agreement also provided that each party agreed to defend, indemnify and hold harmless the other party for, inter alia, injuries that resulted directly or indirectly from the ownership of the parklands and from the services provided by the respective parties. The County moved for

partial summary judgment on its cross claim alleging that the City is obligated to defend and indemnify it in this personal injury action, and the City and defendant City of Buffalo Department of Public Works, Parks and Streets (City defendants) cross-moved for partial summary judgment on their cross claim against the County seeking the same relief. Supreme Court granted the cross motion of the City defendants. We affirm.

As a preliminary matter, we reject the County's contention that the court erred in determining that Supreme Court's decision in *Hall v City Fence, Inc.* (36 Misc 3d 1237[A], 2012 NY Slip Op 51694[U]), a personal injury action, is inapposite. The court in *Hall* denied motions of the City and the County for summary judgment dismissing the amended complaint and any cross claims against them, but the applicability of the indemnification clause was not at issue.

"It is well settled that a contract must be read as a whole to give effect and meaning to every term . . . Indeed, '[a] contract should be interpreted in a way [that] reconciles all [of] its provisions, if possible' " (*New York State Thruway Auth. v KTA-Tator Eng'g Servs., P.C.*, 78 AD3d 1566, 1567; *see RLI Ins. Co. v Smiedala*, 96 AD3d 1409, 1411). " 'Moreover, the contract must be interpreted so as to give effect to, not nullify, its general or primary purpose' " (*Matter of El-Roh Realty Corp.*, 74 AD3d 1796, 1799). Here, the purpose of the Agreement was to share responsibility for the improvement and operation of City-owned parklands. Pursuant to article X, the County has a "limited role in the provision or financing of capital improvements," which includes "major repairs, replacement and removal of capital assets as well as construction of new capital assets." Pursuant to article XIII, section 13.1, however, "the County shall operate, maintain, and manage the Parklands, including but not limited to having the power, discretion and responsibility to provide routine repairs . . . and generally exercise the same day-to-day powers, responsibilities and duties it does with respect to County-owned parks and recreation facilities." Schedule 4 of the agreement provides that the "County will maintain pools . . . inside Olmsted Parks," and it is undisputed that the splash pool at issue here is located in an "Olmsted" park. In view of the well-settled principles of contract construction, we conclude that the City defendants established their entitlement to summary judgment determining that the replacement of the drain intake cover falls within the provisions of section 13.1, and not article X, and the County failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 561).

The County contends for the first time that the court erred in granting summary judgment without first allowing discovery on the issue whether the replacement of the drain intake cover is a major repair, and thus subject to the provisions of article X, or a minor repair, and thus subject to the provisions of article XIII. That contention, therefore, is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). Further, the County has abandoned its contention that, because the required repair was to a capital asset,

i.e., a splash pool, the City was responsible to undertake the repair (*see id.* at 984).

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court