Trumbull Equities LLC v Mt. Hawley Ins. Co. (2021 NY Slip Op 01154)





Trumbull Equities LLC v Mt. Hawley Ins. Co.


2021 NY Slip Op 01154


Decided on February 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 23, 2021

Before: Kapnick, J.P., Webber, Mazzarelli, Oing, JJ. 


Index No. 158095/12 Appeal No. 13180 Case No. 2020-03653 

[*1]Trumbull Equities LLC, et al., Plaintiffs-Appellants,
v
Mt. Hawley Insurance Company, Defendant-Respondent.


Kennedys CMK LLP, New York (Max W. Gershweir of counsel), for appellants.
Delahunt Law PLLC, Buffalo (Timothy E. Delahunt of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert R. Reed, J.), entered September 1, 2020, to the extent appealed from as limited by the briefs, granting plaintiff CastlePoint National Insurance Company recovery against defendant Mt. Hawley Insurance Company for indemnity in the underlying actions of $67,500 rather than the sought $102,500, and prejudgment interest on the total award from November 15, 2016, unanimously modified, on the law and in the exercise of discretion, to the extent of awarding prejudgment interest from the "reasonable intermediate date" of June 1, 2014, and otherwise affirmed, without costs.
Although CastlePoint refers to a "self-insured retention" in the Mt. Hawley policy, the relevant endorsement is expressly titled "Deductible Liability Insurance." Specifically, the endorsement states that Mt. Hawley's "obligation . . . to pay damages" on its insured's behalf "applies only to the amount of damages in excess of any deductible." The endorsement allowed Mt. Hawley to "pay any part o[r] all of the deductible amount to effect settlement of any claim or 'suit' and, upon notification of the action taken, you [the named insured] shall reimburse us for such part of the deductible amount as has been paid by us within 30 days" and permitted Mt. Hawley, at its "sole election upon receipt or notice of any claim or at any time thereafter request you to pay over and deposit with us all or a part of the deductible amount, to be held and applied per the terms of the policy." Based on the policy language, the $35,000 contributed by the named insured was a true deductible, properly subtracted from the policy limits, and not a self-insured retention (see Tokio Mar. & Fire Ins. Co. v Insurance Co. of N. Am., 262 AD2d 103 [1st Dept 1999]; New York State Thruway Auth. v KTA-Tator Eng'g Servs., P.C., 78 AD3d 1566, 1567 [4th Dept 2010]).
In setting the date from which prejudgment interest accrues, the courts lack discretion to take into account any delay by the plaintiff in prosecuting the action (see Arizona Premium Fin. Co., Inc. v Employers Ins. of Wausau, of Wausau AM Mut. Co., 586 Fed Appx 713, 717 [2d Cir 2014]; Spector v Mermelstein, 485 F2d 474, 482-483 [2d Cir 1973]). Therefore, a "reasonable intermediate date" for prejudgment interest (CPLR 5001[b]) is June 1, 2014 (see National Union Fire Ins. Co. of Pittsburgh, PA v Greenwich Ins. Co., 103 AD3d 473, 474 [1st Dept 2013]; United States Fire Ins. Co. v Federal Ins. Co., 858 F2d 882, 889 [2d Cir 1988], cert denied 490 US 1020 [1989]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2021