Technology Ins. Co., Inc. v Main St. Am. Assur. Co. (2022 NY Slip Op 00798)





Technology Ins. Co., Inc. v Main St. Am. Assur. Co.


2022 NY Slip Op 00798


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


1141 CA 20-01216

[*1]TECHNOLOGY INSURANCE COMPANY, INC., AS REINSURER AND SUCCESSOR TO TOWER NATIONAL INSURANCE COMPANY, AND ROGER S. AUMICK, PLAINTIFFS-RESPONDENTS,
v
MAIN STREET AMERICA ASSURANCE COMPANY, DEFENDANT-APPELLANT, DARRIUS OUTLING, DOING BUSINESS AS KRISPIE KUTS, DEFENDANT, ET AL., DEFENDANTS.






SCHNITTER CICCARELLI MILLS PLLC, WILLIAMSVILLE (JOSEPH M. SCHNITTER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
HURWITZ & FINE, P.C., BUFFALO (BRIAN D. BARNAS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered September 2, 2020. The judgment granted the motion of plaintiffs for summary judgment, denied the cross motion of defendant-appellant for summary judgment, declared that defendant-appellant is obligated to defend and indemnify plaintiff Roger S. Aumick in an underlying action, declared that plaintiff Technology Insurance Company, Inc., as reinsurer and successor to Tower National Insurance Company, is entitled to attorney's fees and declared that the coverage provided by defendant-appellant is primary and non-contributory. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Technology Insurance Company, Inc., as reinsurer and successor to Tower National Insurance Company (plaintiff), issued an insurance policy to plaintiff Roger S. Aumick covering certain property Aumick owns. Main Street America Assurance Company (defendant) issued a policy to Aumick's tenant, defendant Darrius Outling, doing business as Krispie Kuts, who operated a barbershop on the premises. The policy named Aumick as an additional insured.
In February 2014, a patron of Outling's barbershop tripped on a snow-covered hole in the driveway while walking from the shop to his vehicle. The patron commenced a personal injury action against Outling and Aumick (underlying action), and plaintiffs thereafter commenced this action seeking, inter alia, declarations that defendant is required to defend and indemnify Aumick in the underlying action and that defendant's policy provides coverage for Aumick on a primary and non-contributory basis. Plaintiffs moved for summary judgment on the complaint, and defendant cross-moved for summary judgment declaring that its policy does not afford coverage to Aumick. Supreme Court granted plaintiffs' motion, denied defendant's cross motion, and declared, as relevant here, that defendant is obligated to defend and indemnify Aumick in the underlying action, that its policy provided coverage to Aumick on a primary and non-contributory basis, and that plaintiff's policy provides excess coverage to Aumick with respect to the patron's claim. Defendant appeals, and we now affirm.
We reject defendant's contention that the court erred in granting that part of plaintiffs' motion seeking a declaration that defendant was obligated to defend and indemnify Aumick. In [*2]disputes over insurance coverage, we must look to the language of the policy (see Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 5 NY3d 157, 162 [2005], rearg denied 5 NY3d 825 [2005]). Here, the additional insured endorsement in the policy that defendant issued to Outling provided coverage to Aumick as an additional insured "with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [Outling]." The policy further provided that defendant would indemnify the insureds in actions regarding covered incidents, including suits arising from bodily injury. The term " 'arising out of' " means " 'originating from, incident to, or having connection with' " (Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 38 [2010], quoting Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 472 [2005]). It "requires only that there be some causal relationship between the injury and the risk for which coverage is provided" (Maroney, 5 NY3d at 472).
In support of their motion, plaintiffs submitted the lease agreement between Aumick and Outling, pursuant to which Outling was responsible for the removal of snow and ice from the driveway. Plaintiff further submitted the injured patron's deposition testimony that he did not see the hole partly because it was covered with snow. Moreover, based on the record before us, the lease agreement provided Outling with the ability to use the driveway. Indeed, the driveway "was necessarily used for access in and out of [the barbershop] and was thus, by implication, 'part of the . . . premises' that [Outling] was licensed to use under the parties' [lease]" (ZKZ Assoc. v CNA Ins. Co., 89 NY2d 990, 991 [1997]; see Tower Ins. Co. of N.Y. v Leading Ins. Group Ins. Co., Ltd., 134 AD3d 510, 510 [1st Dept 2015]). Thus, plaintiffs established from the lease agreement that the use of the driveway was included in the scope of the leased premises (see generally Pixley Dev. Corp. v Erie Ins. Co., 174 AD3d 1415, 1417 [4th Dept 2019]; Tower Ins. Co. of N.Y., 134 AD3d at 510). Because plaintiffs established that there was a causal relationship between the injury and the risk for which coverage was provided, Aumick is entitled to a defense and indemnification as an additional insured. We further conclude that defendant failed to raise an issue of fact with respect to the applicability of its policy on the ground that the injury was caused by a structural defect in the condition of the driveway inasmuch as the focus of the inquiry here "is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained" (Regal Constr. Corp., 15 NY3d at 38 [internal quotation marks omitted]).
We further conclude that the court did not err in granting that part of the motion seeking a declaration that defendant's coverage of Aumick in the underlying personal injury action is primary and non-contributory. In determining whether defendant's policy provides primary or excess coverage, we must examine the "other insurance" clauses in the policies issued by defendant and plaintiff (see generally Great N. Ins. Co. v Mount Vernon Fire Ins. Co., 92 NY2d 682, 686-687 [1999]; Public Serv. Mut. Ins. Co. v Nova Cas. Co., 177 AD3d 472, 473 [1st Dept 2019]). Here, each policy provided that its coverage was excess over "[a]ny other insurance that insures for direct physical loss or damage; or . . . [a]ny other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement."
Construing defendant's policy as a whole (see generally New York State Thruway Auth. v KTA-Tator Eng'g Servs., P.C., 78 AD3d 1566, 1567 [4th Dept 2010]), we conclude, contrary to defendant's contention, that the first section of the relevant "other insurance" provision does not apply here inasmuch as the phrase "[a]ny other insurance that insures for direct physical loss or damage" refers to property damage, not liability coverage for bodily injury (see Jones Mem. Hosp. v Main St. Am. Assur. Co., 200 AD3d 1636, 1639 [4th Dept 2021]). With respect to the second part of the provision, we conclude that the patron's damages arose out of the premises for which Aumick was a named additional insured, and thus defendant's policy provides primary coverage to Aumick, and plaintiff's coverage was excess (see Jones Mem. Hosp., 200 AD3d at 1639-1640; see also Tower Ins. Co. of N.Y., 134 AD3d at 510-511).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court