■ SHOW CAR SPEED SHOP, INC., et al., Appellants, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, et al., Defendant. (Appeal No. 1.) [596 NYS2d 608] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs own and operate a variety of businesses associated with the manufacture and assembly of race cars and the sale of auto parts for such vehicles. Plaintiffs' operations were housed in three separate buildings: one building was constructed of wood, one of metal, and one of concrete block. A steel frame supported the ceiling of the concrete block building. Plaintiffs were insured by a commercial insurance policy issued by United States Fidelity and Guaranty Company (USF&G) providing $164,000 in contents coverage for, *inter alia,* loss caused by fire. The declaration sheet of the policy in effect from December 10, 1987 to December 10, 1988 described the insured premises as: "413 EAST MAIN ST., RTE 5-20, WATERLOO, NY 13165/FRAME/MANUFACTURE AND ASSEMBLY AUTO PARTS". On August 11, 1988, a fire destroyed the wooden building, which housed a retail auto

parts store and a small portion of the manufacturing and assembly operations, and the metal building. Inasmuch as the contents of the wooden building had a value of $224,560, plaintiffs submitted a sworn proof of loss for the full amount of the coverage. USF&G denied coverage, asserting that the policy covered only the concrete block building, where the bulk of plaintiffs' manufacturing and assembly operations was housed. This action ensued. As an alternative theory of liability, plaintiffs state an errors and omissions claim against USF&G's agent, defendant John Becker individually and doing business as Becker-McLean Company (Becker). Following joinder of issue, plaintiffs moved and USF&G cross-moved for summary judgment. USF&G also moved for summary judgment dismissing Becker's cross claim for contribution. Becker cross-moved for leave to amend his answer to assert additional cross claims.

Supreme Court improperly granted USF&G's cross motion for summary judgment dismissing the complaint. Although clear and unambiguous terms of an insurance policy must be given their plain and ordinary meaning (see, Lavanant v General Acc. Ins. Co., 79 NY2d 623, 629), the language of an insurance policy must be construed with reference to the risk, subject matter and purpose of the policy (see, De Forte v Allstate Ins. Co., 81 AD2d 465, appeal dismissed 54 NY2d 1027). We reject plaintiffs' contention that the policy unambiguously describes the wooden building. In our view, the language of the policy is ambiguous because it can be read to describe either the wooden building or the concrete block building.

Thus, we must look to extrinsic evidence to determine the intent of the parties (see, State of New York v Home Indem. Co., 66 NY2d 669, 671; Fagnani v American Home Assur. Co., 64 NY2d 967, revg on dissent at App Div 101 AD2d 803). It is clear and uncontroverted that plaintiffs' primary purpose in securing the policy was to insure several pieces of expensive equipment for which they were indebted. The equipment was housed primarily in the concrete building, but was housed occasionally in the wooden building. Although USF&G presented evidence to support its contention that only the concrete building was covered, plaintiffs testified that they thought they had purchased contents coverage for all of their buildings. Issues of fact regarding the parties' intent preclude summary judgment (see, Mallad Constr. Corp. v County Fed.

*Sav. & Loan Assn.,* 32 NY2d 285). Where resolution of an ambiguous description turns on questions of credibility and the choice between reasonable inferences to be drawn therefrom, determination of the intent of the parties is a question of fact for the trier of fact *(cf., State of New York v Home Indem. Co., supra,* at 672; *Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172). We modify the order therefore by denying USF&G's cross motion and reinstating the complaint.

We further conclude that Supreme Court erred in granting USF&G's motion for summary judgment on the cross claims of defendant Becker. In support of its motion, USF&G contended that the record contained no evidence supporting liability on its part if Becker is found liable to plaintiffs. In opposition to the motion, Becker submitted evidence that employees of USF&G were responsible for writing the declarations pages of the original policy and the renewals. That evidence raises issues of fact relating to USF&G's potential liability for damages arising from the ambiguity in the policy, and thus summary judgment should not have been granted *(see, Zuckerman v City of New York,* 49 NY2d 557).

We grant Becker's cross motion for leave to amend his answer to assert additional cross claims. Despite significant delay, USF&G has not shown that it will suffer prejudice by an amendment and thus leave to amend should be freely granted *(see, Fahey v County of Ontario,* 44 NY2d 934; *D'Onofrio v St. Joseph's Hosp. Health Ctr.,* 101 AD2d 686).

All concur except Balio and Fallon, JJ., who dissent in part and vote to reverse in the following Memorandum.

Balio and Fallon, JJ. (dissenting). We respectfully dissent. We agree with the majority that Supreme Court improperly granted United States Fidelity and Guaranty Company's (USF&G) cross motion for summary judgment dismissing the complaint but conclude that Supreme Court further erred in refusing to grant summary judgment in favor of plaintiffs. In our view the terms of the policy are clear and unambiguous and must be given their plain and ordinary meaning *(Lavanant v General Acc. Ins. Co.,* 79 NY2d 623, 629) and are to be enforced as written *(State of New York v Home Indem. Co.,* 66 NY2d 669, 671; *Town of German Flats v Aetna Cas. & Sur. Co.,* 174 AD2d 1003, 1004, *lv denied* 78 NY2d 860; *Venigalla v Penn Mut. Ins. Co.,* 130 AD2d 974, 975, *lv dismissed* 70 NY2d 747). In construing an insurance policy, its express terms are not to be given a strained and unreasonable construction *(Town of German Flats v Aetna Cas. & Sur. Co., supra,* at

1004). When accorded their usual meanings, the terms used in the policy unambiguously describe the building within which plaintiffs' retail operation was principally contained. That building was the only "frame" building on the premises as that term is ordinarily used. Furthermore, it is uncontroverted that some assembly occurred in that building and that auto parts were sold there.

Even were we to conclude that the policy language is ambiguous, because the extrinsic evidence offered failed to resolve the ambiguity the issue remains one of law for the court *(State of New York v Home Indem. Co., supra,* at 671). Under these circumstances, any ambiguity must be resolved against the insurer *(Breed v Insurance Co.,* 46 NY2d 351, 353; *Casey v General Acc. Ins. Co.,* 178 AD2d 1001, 1002; *Venigalla v Penn Mut. Ins. Co., supra,* at 975; *Little v Blue Cross,* 72 AD2d 200, 203). The construction urged by USF&G in which the concrete building is viewed as the "frame" building described in the policy is neither reasonable, nor is it the only fair construction of the policy language *(see, Venigalla v Penn Mut. Ins. Co., supra,* at 975).

Because we construe the policy issued by USF&G to provide coverage for plaintiffs' loss, Supreme Court's order granting USF&G's motion for summary judgment against Becker and denying Becker's cross motion for leave to amend his answer should be affirmed. (Appeal from Order of Supreme Court, Seneca County, Falvey, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.