■ SUMMIT DEVELOPMENT CORP., Appellant, v RICHARD FOWNES et al., Respondents. [903 NYS2d 33]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered on or about January 25, 2010, which denied plaintiff's motion for partial summary judgment as to liability, unanimously affirmed, with costs.

In this action alleging breach of a construction contract, the court properly found that plaintiff failed to demonstrate a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

"Where a contract provides that a party must fulfill specific conditions precedent before it can terminate the agreement, those conditions are enforced as written and the party must comply with them" (*Gulf Ins. Co. v Fidelity & Deposit Co. of Md.*, 16 Misc 3d 1116[A], 2007 NY Slip Op 51440[U], *4 [2007, Freedman, J.], citing *A. S. Rampell, Inc. v Hyster Co.*, 3 NY2d 369, 381-382 [1957]). Here, there were factual issues as to whether the contract was properly terminated pursuant to section 19.2.2, and whether plaintiff was denied access to the site or had failed to substantially complete and/or had abandoned the project by, inter alia, failing to supply properly certified welders as required by the drawings and specifications. Issues also existed as to the amount of damages, if any, pursuant to section 19.2.4 in the event of termination.

We have considered plaintiff's remaining arguments and find them to be unavailing. Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Catterson, JJ.