Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered April 13, 2012, which granted defendant’s motion to dismiss the complaint, unanimously modified, on the law, the motion denied as to the first and second causes of action of the complaint alleging breach of contract, and otherwise affirmed, without costs.
Plaintiff stated a cause of action for breach of a letter agree- *627 merit, whereby defendant promised to provide certain consulting services, by alleging that the consultant defendant retained proved incompetent and that a replacement was retained at the end of the six-month period covered by that agreement. The cause of action for breach of a subsequent grant agreement was also viable because the unqualified right to terminate that agreement set forth in its section 10 (see Red Apple Child Dev. Ctr. v Community School Dists. Two, 303 AD2d 156, 157-158 [1st Dept 2003], lv denied 1 NY3d 503 [2003]) was supplemented by the right to terminate set forth in section 4, which was conditioned on giving plaintiff the opportunity to cure any purported deficiencies in its performance (see Summit Dev. Corp. v Fownes, 74 AD3d 563 [1st Dept 2010]; see also Fairway Prime Estate Mgt., LLC v First Am. Intl. Bank, 99 AD3d 554, 556-558 [1st Dept 2012]). There is a question of fact as to whether plaintiff was afforded such opportunity.
Dismissal of the third and fourth causes of action alleging promissory estoppel and unjust enrichment, respectively, was proper inasmuch as the claims were duplicative of the claim for breach of the grant agreement (see Susman v Commerzbank Capital Mkts. Corp., 95 AD3d 589, 590 [1st Dept 2012], lv denied 19 NY3d 810 [2012]; cf. Sabre Inti. Sec., Ltd. v Vulcan Capital Mgt., Inc., 95 AD3d 434, 438-439 [1st Dept 2012]). Concur— Mazzarelli, J.E, Andrias, DeGrasse, Freedman and ManzanetDaniels, JJ.