Appeal and cross appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered May 1, 2015. The order denied defendant’s motion for partial summary judgment and denied plaintiffs’ cross motion for summary judgment.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff Maven Technologies, LLC (Maven), was organized by Anthony R. Vasile (decedent) and others pursuant to an operating agreement. After the other owners died, decedent prepared Maven’s amended and restated operating agreement (agreement), which is at issue here. Pursuant to the agreement, plaintiff Todd R. Wheaton became Maven’s president and owner of 30% of Maven’s shares, and decedent owned the remaining 70%. The agreement also contained numerous provisions limiting the parties’ ability to dispose of their shares, the manner in which the shares were transferred, and the price that must be paid for them. After decedent’s demise, plaintiffs commenced this action seeking, inter alia, a declaration that the agreement’s terms mandated that defendant, decedent’s executor, sell the shares formerly owned by decedent to Maven at their net book value. In her answer, defendant contended that decedent bequeathed his shares to a trust, of which defendant was the trustee, and thus that the trust was a member of Maven within the meaning of the agreement. The answer included a counterclaim in which defendant sought, among other relief, a declaration that decedent’s trust was the owner of 70% of Maven’s shares, and an accounting. Plaintiffs appeal and defendant cross-appeals from an order that denied both defendant’s motion for partial summary judgment declaring the rights of the parties and plaintiffs’ cross motion for summary judgment on the complaint. We affirm.
Initially, we note that the parties fail to address in their respective briefs on appeal the denial of the motion and cross motion with respect to the cause of action seeking specific performance, and thus they have abandoned any contentions *1378 concerning that cause of action (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [1994]).
Resolution of the remainder of this appeal depends on the principles of contract interpretation. “It is well settled that a contract must be read as a whole to give effect and meaning to every term . . . Indeed, ‘[a] contract should be interpreted in a way [that] reconciles all [of] its provisions, if possible’ ” (New York State Thruway Auth. v KTA-Tator Eng’g Servs., P.C., 78 AD3d 1566, 1567 [2010]; see RLI Ins. Co. v Smiedala, 96 AD3d 1409, 1411 [2012]). Therefore, “[e]ffect and meaning must be given to every term of the contract . . . , and reasonable effort must be made to harmonize all of its terms” (Village of Hamburg v American Ref-Fuel Co. of Niagara, 284 AD2d 85, 89 [2001], lv denied 97 NY2d 603 [2001]; see Matter of El-Roh Realty Corp., 74 AD3d 1796, 1799 [2010]). It is equally well settled that “[t]he interpretation of an unambiguous contractual provision is a function for the court . . . , and [t]he proper inquiry in determining whether a contract is ambiguous is whether the agreement on its face is reasonably susceptible of more than one interpretation . . . To be entitled to summary judgment, the moving party has the burden of establishing that its construction of the [contract] is the only construction [that] can fairly be placed thereon” (Nancy Rose Stormer, P.C. v County of Oneida, 66 AD3d 1449, 1450 [2009] [internal quotation marks omitted]).
Here, neither party established that its interpretation of the agreement is the only reasonable interpretation thereof (see Arrow Communication Labs. v Pico Prods., 206 AD2d 922, 923 [1994]). Consequently, summary judgment is inappropriate at this juncture because a “determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence” (P&B Capital Group, LLC v RAB Performance Recoveries, LLC, 128 AD3d 1534, 1535 [2015] [internal quotation marks omitted]; see Matter of Wilson, 138 AD3d 1441, 1442-1443 [2016]; Kibler v Gillard Constr., Inc., 53 AD3d 1040, 1041-1042 [2008]; Arrow Communication Labs., 206 AD2d at 923).
All concur except Whalen, P.J., and Troutman, J., who dissent and vote to modify in accordance with the following memorandum.