# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**413**
**CA 16-01566**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

O'BRIEN & GERE, INC. OF NORTH AMERICA,
PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

G.M. MCCROSSIN, INC., DEFENDANT-RESPONDENT.

---

RIVETTE & RIVETTE, P.C., SYRACUSE (FRANCIS R. RIVETTE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered December 17, 2015. The order
granted defendant's motion for partial summary judgment on the issue
of liability.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order that granted
defendant's motion for partial summary judgment with respect to
liability on defendant's first counterclaim, for breach of contract.
As a preliminary matter, we conclude that plaintiff waived its right
to compel arbitration by its acceptance of the judicial forum, i.e.,
by commencing a declaratory judgment action, participating in
discovery throughout the four years of this litigation, and filing the
note of issue (*see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d
363, 371-372, *rearg denied* 5 NY3d 746; *Cunningham v Horning Constr.*,
309 AD2d 1187, 1188).

We further conclude that Supreme Court properly granted
defendant's motion. Plaintiff contends that, under section 10 of the
contract, it was permitted to terminate the contract without following
the notice provisions set forth in section 19 of the contract. We
reject that contention. "It is well settled that a contract must be
read as a whole to give effect and meaning to every term . . . Indeed,
[a] contract should be interpreted in a way [that] reconciles all [of]
its provisions, if possible" (*Maven Tech., LLC v Vasile*, 147 AD3d
1377, ___ [internal quotation marks omitted]; *see DiPizio Constr. Co.,
Inc. v Erie Canal Harbor Dev. Corp.*, 120 AD3d 905, 906). " 'To be
entitled to summary judgment, the moving party has the burden of
establishing that its construction of the [contract] is the only

construction [that] can fairly be placed thereon' " (*Maven Tech., LLC*, 147 AD3d at ___; *see DiPizio Constr. Co., Inc.*, 120 AD3d at 906). Here, section 10 of the contract expressly incorporates the terms of section 19, under which plaintiff was required to give defendant 10 days' written notice before terminating the contract for cause. Section 19 further provided that, if plaintiff improperly terminated the contract for cause, "the termination shall be deemed to be a termination for the convenience" of plaintiff, and would entitle defendant to damages.

We also reject plaintiff's contention that it satisfied the notice requirements contained in section 19 by giving defendant oral notice that it intended to terminate the contract. " 'Where a contract provides that a party must fulfill specific conditions precedent before it can terminate the agreement, those conditions are enforced as written and the party must comply with them' " (*Summit Dev. Corp. v Fownes*, 74 AD3d 563, 563). The contract specifically required plaintiff to give defendant 10 days' written notice in order to terminate the contract for cause. Because it is undisputed that plaintiff did not strictly comply with the written notice requirement before it terminated the contract, the court properly determined that the termination must "be deemed to be a termination for the convenience" of plaintiff.

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court