Mohawk Val. Water Auth. v State of New York (2018 NY Slip Op 02066)





Mohawk Val. Water Auth. v State of New York


2018 NY Slip Op 02066


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


265 CA 17-01209

[*1]MOHAWK VALLEY WATER AUTHORITY, PLAINTIFF-RESPONDENT,
v
STATE OF NEW YORK, DEFENDANT, AND NEW YORK STATE CANAL CORPORATION, DEFENDANT-APPELLANT. 






BOND, SCHOENECK & KING, PLLC, ALBANY (STUART F. KLEIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
HANCOCK ESTABROOK, LLP, SYRACUSE (ALAN J. PIERCE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered March 3, 2017. The judgment, inter alia, granted the motion of plaintiff for partial summary judgment seeking certain declaratory relief. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying plaintiff's motion in its entirety and vacating the declaration, and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff diverts water from the Hinckley Reservoir (Reservoir) in Oneida County to provide drinking water in the Utica area, the initial authority for which derives from a 1917 agreement. In 2005, plaintiff commenced an action seeking a declaration that it could draw water from the Reservoir at a rate of 75 cubic feet per second. That action culminated in an appeal before this Court, and we concluded, inter alia, that there were triable issues of fact precluding summary judgment (Mohawk Val. Water Auth. v State of New York [appeal No. 2], 78 AD3d 1513 [4th Dept 2010], lv denied 17 NY3d 702 [2011]). The parties thereafter began settlement negotiations, which eventually culminated in the execution of a Final Settlement Agreement (FSA). In paragraph (1) of the FSA, the parties agreed that a 2012 operating diagram (OD) would govern the water level at which defendants were required to maintain the Reservoir for plaintiff's use, but defendant New York State Canal Corporation (Canal Corporation), which directly operates the reservoir on behalf of defendant State of New York, would deviate from the OD during times of extreme drought and as necessary to maintain a water level of at least 1,182 feet. In paragraph (3) (B), the parties agreed that the Reservoir would be maintained at a "normal operating range" of 1,195 feet or above, except in conditions of unusual drought, during which conditions it would be impossible to maintain that "target" elevation.
When Canal Corporation failed to maintain the water level of the Reservoir at 1,195 feet, plaintiff commenced this action alleging that defendants violated the FSA by failing to maintain the Reservoir at 1,195 feet or above during periods in which there was no unusual drought. Plaintiff sought, inter alia, a declaration that the FSA provides plaintiff with the right to have the Reservoir maintained at 1,195 feet or above, except during conditions of unusual drought, as well as a finding of contempt for defendants' failure to do so. Plaintiff moved for partial summary judgment with respect to the declaratory relief sought, and defendants cross-moved for summary judgment dismissing the amended complaint. Supreme Court granted plaintiff's motion to the extent of declaring that defendants were obligated "to use best efforts" to maintain the Reservoir at a level at or above 1,195 feet, and to deviate from the OD "from time to time" as necessary to that end. Canal Corporation appeals. We modify the order by denying plaintiff's motion in its entirety.
Contrary to plaintiff's contention, we conclude that the FSA is ambiguous with respect to Canal Corporation's obligation, if any, to maintain the Reservoir at 1,195 feet or above. Language in a written agreement is ambiguous if it is "reasonably susceptible of more than one interpretation" (Maven Tech., LLC v Vasile, 147 AD3d 1377, 1378 [4th Dept 2017] [internal quotation marks omitted]). Furthermore, when interpreting a contract, "[t]he entire contract must be reviewed and [p]articular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby' " (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404 [2009]). Viewing the language of the FSA as a whole, we conclude that it would be reasonable to interpret it as requiring either that defendants are bound to comply with the OD except in periods of extreme or unusual drought, at no time allowing the Reservoir to fall below 1,182 feet, or as requiring that defendants must deviate from the OD whenever necessary to maintain the "target" water level of 1,195 feet.
Contrary to the contentions of both plaintiff and Canal Corporation, the extrinsic evidence presented does not clarify this ambiguity. Where, as here, "ambiguity or equivocation exists and the extrinsic evidence presents a question of credibility or a choice among reasonable inferences, the case should not be resolved by way of summary judgment" (Airco Alloys Div. v Niagara Mohawk Power Corp., 76 AD2d 68, 77 [4th Dept 1980]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court