Kowalak v Keystone Med. Servs. of N.Y., P.C. (2021 NY Slip Op 04814)





Kowalak v Keystone Med. Servs. of N.Y., P.C.


2021 NY Slip Op 04814


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


336 CA 20-00558

[*1]THOMAS KOWALAK, M.D., PLAINTIFF-RESPONDENT,
v
KEYSTONE MEDICAL SERVICES OF NEW YORK, P.C., ALSO KNOWN AS KEYSTONE MEDICAL SERVICES OF NY, P.C., DEFENDANT-APPELLANT. 






BOND, SCHOENECK & KING, PLLC, BUFFALO (SCOTT M. PHILBIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
MARK R. UBA, BUFFALO, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 6, 2020. The order and judgment granted plaintiff's motion for summary judgment on his first cause of action and for summary judgment dismissing the counterclaims. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, plaintiff's motion is denied and the counterclaims are reinstated.
Memorandum: Plaintiff, a physician specializing in emergency medical services, entered into a contract with defendant, which is in the business of providing hospitals with staffing and management in emergency medicine, whereby plaintiff would provide services to hospitals under contract with defendant. Pursuant to the contract between plaintiff and defendant as well as a separate contract between defendant and nonparty Eastern Niagara Hospital, Inc. (ENH), plaintiff provided emergency medical services at ENH. After the contract between ENH and defendant was terminated and ENH began receiving emergency medical services from another provider, defendant terminated its contract with plaintiff. The contract between plaintiff and defendant contained a noncompete clause with a duration of one year, and plaintiff commenced this action seeking, inter alia, a declaration that he would not be in breach of the contract if he continued to provide emergency medical services to ENH. Defendant answered and asserted four counterclaims, for, inter alia, breach of contract and a declaration that the restrictive covenants in the contract are valid and enforceable, based on allegations that the unambiguous language in the noncompete clause of the contract prevented plaintiff from continuing to work with ENH. Plaintiff moved for summary judgment seeking the dismissal of defendant's counterclaims and a declaration that his continuing to provide services to ENH would not constitute a breach of plaintiff's contract with defendant. Supreme Court granted the motion, and defendant appeals.
We agree with defendant that the court erred in granting plaintiff's motion with respect to whether continuing to provide services to ENH constituted a breach of the contract. It is well settled that "[t]he interpretation of an unambiguous contractual provision is a function for the court . . . , and [t]he proper inquiry in determining whether a contract is ambiguous is whether the agreement on its face is reasonably susceptible of more than one interpretation . . . To be entitled to summary judgment, the moving party has the burden of establishing that its construction of the [contract] is the only construction [that] can fairly be placed thereon" (Maven Tech., LLC v Vasile, 147 AD3d 1377, 1378 [4th Dept 2017] [internal quotation marks omitted]). Here, plaintiff did not meet that burden.
It is undisputed that the resolution of this issue depends on the interpretation of the [*2]noncompete clause, which provides, in relevant part, that plaintiff "agrees during the terms of this Agreement or any extension of it and for a one . . . year period after termination, regardless of the cause of such termination, to refrain from directly or indirectly . . . practicing Emergency Medicine . . . at the Hospitals or other medical institutions to which [defendant] provides services." The term "Hospitals" is defined in the contract as "any and all hospitals where [plaintiff] provides professional emergency medical services . . . as set forth on Exhibit A," and ENH is a hospital listed in Exhibit A. Plaintiff contends that the noncompete clause should be interpreted to mean that plaintiff cannot work at hospitals where defendant currently provides services and, because defendant no longer provides services to ENH, the noncompete clause does not prevent plaintiff from practicing emergency medicine at ENH. We conclude, however, that plaintiff's interpretation of the noncompete clause ignores the contract's definition of the term "Hospitals" to include the facilities listed on Exhibit A, i.e., to include ENH. Thus, the provision in the noncompete clause that plaintiff shall refrain from working at "Hospitals or other medical institutions to which [defendant] provides services" could be reasonably interpreted to mean that plaintiff shall refrain from working at "[ENH] or other medical institutions to which [defendant] provides services." Inasmuch as plaintiff failed to establish that his interpretation of the noncompete clause is the only reasonable interpretation thereof, summary judgment is inappropriate because a " 'determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence' " (Maven Tech., LLC, 147 AD3d at 1378; see Centerline/Fleet Hous. Partnership, L.P.—Series B v Hopkins Ct. Apts., LLC, 176 AD3d 1596, 1597 [4th Dept 2019]; Mohawk Val. Water Auth. v State of New York, 159 AD3d 1548, 1550 [4th Dept 2018]).
We further agree with defendant that plaintiff's reliance on the doctrine of "allowing ambiguities in a contractual instrument to be resolved against the drafter, is misplaced" (Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 448 [1st Dept 2017]). While plaintiff is correct that the doctrine applies " 'against the party who prepared [the contract], and favorably to a party who had no voice in the selection of its language' " (Coliseum Towers Assoc. v County of Nassau, 2 AD3d 562, 565 [2d Dept 2003], lv denied 2 NY3d 707 [2004]), the doctrine is inapplicable where the record establishes that both parties participated in negotiating the terms of the contract (see id.). Here, there is a question of fact whether the doctrine applies inasmuch as defendant submitted evidence that plaintiff participated in negotiating the terms of the contract.
We further agree with defendant that the court erred in granting those parts of plaintiff's motion seeking summary judgment dismissing the counterclaims. Defendant's counterclaims covered three separate provisions of the contract: (1) the noncompete clause; (2) the non-solicitation clause; and (3) the confidentiality clause. Inasmuch as there is a question of fact regarding the interpretation of the noncompete clause, we conclude that plaintiff is not entitled to summary judgment dismissing the counterclaims to the extent that they rely on that clause. Furthermore, given the parties' differing interpretations of the contract and the fact that none of the parties in this case have been deposed and discovery of written documents is not complete, we conclude that those parts of plaintiff's motion seeking summary judgment dismissing the counterclaims with respect to the non-solicitation and confidentiality clauses are premature (see CPLR 3212 [f]; Groves v Land's End Hous. Co., 80 NY2d 978, 980 [1992]; Smith v Bailey, 171 AD3d 1511, 1512 [4th Dept 2019]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court