Derkovitz v Up State Tower Co., LLC

2026 NY Slip Op 02562

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

PETER A. DERKOVITZ AND CHERYL A. DERKOVITZ, PLAINTIFFS-APPELLANTS,

v

UP STATE TOWER CO., LLC, DEFENDANT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

251 CA 25-01089

Present: Whalen, P.J., Bannister, Smith, And Nowak, JJ.

THE KNOER GROUP, PLLC, BUFFALO (ROBERT E. KNOER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

BARCLAY DAMON LLP, SYRACUSE (JON P. DEVENDORF OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered June 4, 2025. The order denied the motion of plaintiffs for summary judgment and granted the cross-motion of defendant for summary judgment.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross-motion and reinstating the complaint, and as modified the order is affirmed without costs.

Memorandum: In this action sounding in breach of contract, plaintiffs appeal from an order that denied their motion for summary judgment on the complaint and granted defendant's cross-motion for, inter alia, summary judgment dismissing the complaint. Although Supreme Court properly denied plaintiffs' motion, it erred in granting defendant's cross-motion, and we therefore modify the order accordingly.

Plaintiffs entered into a lease agreement (lease) with defendant to permit defendant to place a cell tower (Communications Facility) on a designated portion of plaintiffs' property (Premises). As relevant here, the lease provides that plaintiffs would pay "all real estate taxes and assessments on the Property on time" and that defendant would pay "all personal property taxes on the Communications Facility on time." The "Property" is defined by the metes and bounds of the real property owned by plaintiffs, while "Communications Facility" is defined as "a pole or tower, and . . . related equipment, cables, antennas, equipment shelters or cabinets and fencing and any other items [defendant] need[s] to successfully and securely use the Premises." The lease provides that title to the Communications Facility would remain "personal to and be vested in [defendant]" and is described in the lease as defendant's "personal property." However, neither "real estate taxes and assessments" nor "personal property taxes" are defined in the lease, and New York State does not impose personal property taxes.

The central dispute here is whether, in agreeing to "pay all personal property taxes on the Communications Facility," defendant agreed to pay the additional tax attributable to the Communications Facility or whether, in agreeing to pay "all real estate taxes and assessments on the Property," plaintiffs agreed to pay that additional tax. "It is well settled that '[t]he fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent' " (Colella v Colella, 129 AD3d 1650, 1651 [4th Dept 2015], quoting Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Because the "best evidence of what the parties intend is what they say in their writing, . . . a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield, 98 NY2d at 569). If an "agreement on its face is reasonably susceptible of more than one interpretation," however, the contract is ambiguous (Kowalak v Keystone Med. Servs. of N.Y., P.C., 197 AD3d 893, 894 [4th Dept 2021] [internal quotation marks omitted]). Where a [*2]contract is ambiguous, to be entitled to summary judgment, "the moving party has the burden of establishing that its construction of the [contract] is the only construction [that] can fairly be placed thereon" (id. [internal quotation marks omitted]).

We conclude that the lease provisions regarding the parties' respective tax obligations are ambiguous as to which party is responsible for paying the additional tax attributable to the Communications Facility. Defendant argues that the only reasonable interpretation of the lease is that it imposes upon plaintiffs the responsibility for paying the additional tax related to the Communications Facility inasmuch as the plain language requires plaintiffs to pay real estate taxes and assessments, that defendant is obligated to pay only personal property taxes, and that there are no personal property taxes imposed in New York State. Plaintiffs effectively contend that the only reasonable interpretation of the provision requiring defendant to pay personal property taxes is that defendant agreed to pay the additional tax attributable to the Communications Facility and that any other interpretation would render that requirement " 'meaningless or without force or effect' " (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017]).

We conclude that neither party met the burden on their respective motion and cross-motion of establishing that their construction of the salient lease provisions is the only reasonable interpretation of those provisions, and thus no party is entitled to summary judgment (see generally Corter-Longwell v Juliano, 200 AD3d 1578, 1583-1584 [4th Dept 2021]; Kowalak, 197 AD3d at 894). Summary judgment is inappropriate "[w]here[, as here,] resolution of an ambiguous [provision] turns on questions of credibility and the choice between reasonable inferences to be drawn therefrom, [and thus] determination of the intent of the parties is a question of fact for the trier of fact" (Show Car Speed Shop v United States Fid. & Guar. Co., 192 AD2d 1063, 1065 [4th Dept 1993]; see State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court