County of Erie v Selective Ins. Co. of Am.
2026 NY Slip Op 04092
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

COUNTY OF ERIE, PLAINTIFF-RESPONDENT,
v
SELECTIVE INSURANCE COMPANY OF AMERICA, DEFENDANT-APPELLANT, AND ZURICH AMERICAN INSURANCE COMPANY, DEFENDANT. (APPEAL NO. 1.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
436 CA 24-01620
Present: Whalen, P.J., Bannister, Greenwood, Nowak, And Hannah, JJ.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (MATTHEW C. RONAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
BOND, SCHOENECK & KING, PLLC, BUFFALO (STEPHEN A. SHARKEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered September 17, 2024. The order denied the motion of defendant Selective Insurance Company of America to strike the complaint against it.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff, County of Erie (County), commenced this declaratory judgment and breach of contract action seeking, inter alia, a declaration that defendant insurers, Selective Insurance Company of America (Selective) and Zurich American Insurance Company (Zurich), who issued commercial general liability policies naming the County as an additional insured, must provide coverage to the County in an underlying personal injury lawsuit. The County hired Destro & Brothers Concrete Company, Inc. (Destro) as a contractor and hired LiRo Engineers, Inc. (LiRo) to provide construction management services in connection with a paving project. Selective insured Destro, and Zurich insured LiRo.
The plaintiff in the underlying action sought damages for personal injuries she sustained when she fell off her bicycle at a park owned by the County when she transitioned from the pavement edge to the grass. She named as defendants the County, Destro, and LiRo.
After defendants refused to provide insurance coverage for the County, the County commenced this declaratory judgment and breach of contract action against them. In appeal No. 1, Selective appeals from an order denying its motion for an order striking the County's complaint against it or, alternatively, compelling the County to provide deposition testimony or, alternatively, prohibiting the County from offering any testimony or other evidence related to the coverage issue (motion to compel). In appeal No. 2, defendants appeal from an order and judgment granting the County's motion for summary judgment, denying Selective's cross-motion for summary judgment, and declaring that defendants were obligated to defend the County in the underlying lawsuit and reimburse the County for reasonable costs incurred to date in defending the underlying lawsuit.
Addressing first Zurich's appeal in appeal No. 2, we reject its contention that Supreme Court erred in granting that part of the County's motion seeking summary judgment against Zurich and declaring that Zurich must defend the County and reimburse it for reasonable defense costs. Zurich does not dispute that the County met its initial burden of establishing its entitlement to coverage under the Zurich policy, but Zurich contends that it established the [*2]applicability of the professional services exclusion in the policy, which provides that "[t]his insurance does not apply to . . . '[b]odily injury' . . . arising out of the rendering of, or failure to render, any professional architectural, engineering or surveying services." Zurich contends that inasmuch as LiRo was hired as an engineering consultant and the injuries to the plaintiff in the underlying action allegedly arose from those engineering services, the professional services exclusion in the policy applies.
It is well settled that an insurance company's "duty to defend is 'exceedingly broad' and an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage' " (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]). Thus, an insurer has a duty to defend "whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim" (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997]). "To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (id.; see Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652 [1993]; Georgetown Capital Group, Inc. v Everest Natl. Ins. Co., 104 AD3d 1150, 1152 [4th Dept 2013]).
Here, the plaintiff in the underlying action alleged that her injuries were the result of the negligent conduct of the County, Destro, and LiRo "in the ownership, operation, maintenance, management, construction, control and design of the . . . pavement." We conclude that Zurich failed to demonstrate that the allegations in the underlying action fell "solely and entirely within the policy exclusion[ ]" (Automobile Ins. Co. of Hartford, 7 NY3d at 137 [internal quotation marks omitted]; see Mscichowski v MLMIC Ins. Co., 227 AD3d 1372, 1374-1375 [4th Dept 2024]; Georgetown Capital Group, Inc., 104 AD3d at 1153).
Addressing next Selective's appeal in appeal No. 2, although we disagree with Selective that the court erred in denying its cross-motion for summary judgment, we agree with Selective that the court erred in granting that part of the County's motion for summary judgment against Selective and declaring that Selective must defend the County and reimburse it for reasonable defense costs. There is no dispute that Destro did paving work at the park where the underlying accident occurred and that the contract between the County and Destro required Destro to name the County as an additional insured on its insurance policy. Selective contends, however, that the contract did not unambiguously include the paving work at the park.
"A[n agreement] is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Conversely, ambiguity in an agreement arises "when specific language is 'susceptible of two reasonable interpretations' " (Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]; see University Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015]; Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]).
We reject Selective's contention that the addenda to the bids for the paving project were not part of the contract between the County and Destro inasmuch as the addenda were expressly incorporated into the contract. Moreover, those addenda specifically referenced work in parks, and Destro's bid included that work. However, the contract set forth a specific bid amount for the paving project, which was an amount that excluded work in the parks. We therefore conclude that there was an ambiguity in the contract as to whether work in the parks was included in the scope of the paving project (see generally Greenfield, 98 NY2d at 569).
Where, as here, "contract language is reasonably susceptible of more than one interpretation, . . . extrinsic or parol evidence may then be permitted to determine the parties' intent as to the meaning of that language" (Matter of Panella [appeal No. 2], 218 AD3d 1198, 1201 [4th Dept 2023] [internal quotation marks omitted]; see generally Greenfield, 98 NY2d at 569-570). To be entitled to summary judgment, "the moving party has the burden of establishing that its construction of the [contract] is the only construction [that] can fairly be placed thereon" [*3](Kowalak v Keystone Med. Servs. of N.Y., P.C., 197 AD3d 893, 894 [4th Dept 2021] [internal quotation marks omitted]). Summary judgment is not appropriate when a "determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence" (id. at 895 [internal quotation marks omitted]; see generally Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880-881 [1985]). We conclude that neither the County nor Selective met the burden on their respective motion and cross-motion of establishing that their construction of the contract regarding the scope of the paving project is the only fair construction, and thus neither party is currently entitled to summary judgment with respect to Selective's obligation to defend the County and reimburse it for reasonable defense costs (see generally Corter-Longwell v Juliano, 200 AD3d 1578, 1583-1584 [4th Dept 2021]; Kowalak, 197 AD3d at 894).
Regarding appeal No. 1, we agree with Selective that the court erred in determining that its motion to compel was "moot" because Selective took the "inconsistent" action of cross-moving for summary judgment after it filed the motion to compel. It is well settled that a party may move to compel discovery or, in the alternative, for summary judgment (see e.g. R & D Elecs., Inc. v NYP Mgt., Co., Inc., 162 AD3d 1513, 1514 [4th Dept 2018]; Gustke v Nickerson, 159 AD3d 1573, 1574 [4th Dept 2018], lv denied in part & dismissed in part 32 NY3d 1048 [2018]; Weichert v Plumadore, 152 AD3d 1190, 1191 [4th Dept 2017], lv dismissed 30 NY3d 1010 [2017]). Inasmuch as discovery is still outstanding, including Selective's demand for deposition testimony from the County that is the subject of Selective's motion to compel, we remit the matter to Supreme Court to determine the motion in appeal No. 1 and thereafter determine anew the County's motion with respect to Selective and the cross-motion in appeal No. 2 (see generally Lundy Dev. & Prop. Mgt., LLC v Cor Real Prop. Co., LLC, 181 AD3d 1180, 1181 [4th Dept 2020]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court